UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GILBERTO TRINIDAD, JEREMY
FERNANDEZ and NICOLAS DE JESUS
HERRERA SANCHEZ

                                                               ANSWER WITH
                                                               COUNTERCLAIMS

                                                               Action No.:
                                                               22-cv-00101-JMF

                          -Plaintiff-

      -against-

62 REALTY, LLC, 311 REALTY, LLC,
DEANNA JOY and JIM FRANTZ,

                        -Defendant.
------------------------------------------------------------X

## ANSWER OF DEFENDANTS 62 REALTY, LLC, 311 MANAGEMENT, LLC, DEANNA JOY AND JIM FRANTZ TO PLAINTIFFS' COMPLAINT

### AS TO JURISDICTION AND VENUE

**1.** Defendants, 62 REALTY, LLC, 311 REALTY, LLC, DEANNA JOY and JIM FRANTZ (collectively the "Defendants"), by and through their attorney, Smikun Law, PLLC, for their Answer to Plaintiff's Complaint herein state as follows:

**2.** Defendants deny the allegations contained in Paragraph 3 of the Complaint, except state that to the extent the allegations constitute conclusions of law, no response is required thereto.

**3.** Defendants deny the allegations contained in Paragraph 4 of the Complaint, except state that to the extent the allegations constitute conclusions of law, no response is required thereto.

4. Defendant denies the allegations contained in Paragraph 5 of the Complaint, except state that to the extent the allegations constitute conclusions of law, no response is required thereto.

## AS TO PARTIES

5. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint, to the extent that a response is warranted Defendants deny the allegations in Paragraph 6 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

15. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

16. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 17 of the complaint, to the extent that a response is warranted Defendants deny the allegations in Paragraph 17 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 28 of the Complaint solely as to Plaintiffs Gilberto Trinidad and Jeremy Fernandez.  Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint solely as to Plaintiff Nicolas De Jesus Herrera Sanchez.

28. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

29. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

30. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

31. Defendants admit the allegations contained in Paragraph 32 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

33. Defendants admit the allegations contained the Paragraph 34 of the Complaint.

34. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## AS TO FACTUAL ALLEGATIONS

36. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

48. Defendants admit the allegations contained in Paragraph 49 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 51 of the Complaint, except admit only that Plaintiff Gilberto Trinidad was superintendent for 55 East 208th Street and thereafter at the Decatur Ave. Buildings, i.e., 3060, 3062 and 3070 Decatur Ave., Bronx, New York.

51. Defendants deny the allegations contained in Paragraph 52 the Complaint.

52. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

57. Defendants admit the allegations contained in Paragraph 58 of the Complaint.

58. Defendants admit the allegations contained in Paragraph 59 of the Complaint.

59. Defendants admit the allegations contained in Paragraph 60 of the Complaint.

60. Defendants deny the allegations in Paragraph 61 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 67 of the Complaint and admit only that in 2018 both Trinidad and Fernandez were asked to perform a project that entailed the rehabilitation of fire-damaged apartments.

67. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 70 through 75 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of the New York Minimum Wage Act
### (On Behalf of Herrera Sanchez)

70. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 et seq.**
**(On Behalf of All Plaintiffs)**

76. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 83 of the Complaint, except state that to the extent the allegations constitute conclusions of law, no response is required thereto.

79. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(On Behalf of All Plaintiffs)**

83. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 89 of the Complaint, except state that to the extent the allegations constitute conclusions of law, no response is required thereto.

85. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**Illegal Deductions, New York Labor Law, Article 19 § 193**

**12 N.Y.C.R.R. § 2.10(a)**

**(On Behalf of Trinidad and Fernandez)**

89. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION

### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements
### (On Behalf of All Plaintiffs)

94. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 100 of the Complaint, except state that to the extent the allegations constitute conclusions of law, no response is required thereto.

96. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION

### NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices
### (On Behalf of All Plaintiffs)

98. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 105 of the Complaint, except state that to the extent the allegations constitute conclusions of law, no response is required thereto.

101. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

## AS TO RELIEF SOUGHT

103. The "WHEREFORE" clause immediately following paragraphs 107 of the Complaint, including subparagraphs "1" through "11", sets forth Plaintiffs' prayer for relief to which no responsive pleading is required. However, to the extent a responsive pleading is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## AS TO "JURY DEMAND"

104. Plaintiffs' demand for a jury does not require a response. However, to the extent that a responsive pleading is required, Defendants deny the Plaintiffs' request for a jury.

## AFFIRMATIVE AND OTHER DEFENSES

105. By way of further answer, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses they intend to raise, and they do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## AS AND FOR A FIRST DEFENSE

106. Plaintiffs' Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law. The Plaintiffs fails to allege with specificity any factual allegations to establish the requisite elements. The Plaintiffs fail to set forth ultimate facts to show that the Plaintiffs are entitled to relief.

## AS AND FOR A SECOND DEFENSE

107. Plaintiffs were at all relevant times independent contractors and Defendants never did, exercise the requisite degree of control over the Plaintiffs.

## AS AND FOR A THIRD DEFENSE

108.     That the damages sustained by Plaintiffs, if any, where caused by the Plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A FOURTH DEFENSE

109.     That the damages sustained by Plaintiff, if any, where caused in whole or in part by the negligence of third parties over whom the Defendants had no control.  The Plaintiff's claims against the Defendant must therefore by reduced, if any, in proportion to the negligence of third parties.

## AS AND FOR A FIFTH DEFENSE

110.     Fair Labor Standards Act and 29 U.S.C. § 207 are not applicable to this action.

## AS AND FOR A SIXTH DEFENSE

111.     Plaintiffs' Complaint should be dismissed because the claims are moot.

## AS AND FOR A SEVENTH DEFENSE

112.     Plaintiffs' claims are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations or alternatively, FLSA's three-year statute of limitations.

## AS AND FOR AN EIGHTH DEFENSE

113.     Plaintiffs' claims are barred to the full extent of the operation of the equitable doctrine of laches, estoppel, payment, unclean hands, *in pani delicto,* accord and satisfaction, and/or payment or set off to the extent they have been fully compensated for any owed "wages" and, by accepting the payments made to them, have effectuated an accord and satisfaction of their claims.

**AS AND FOR A NINTH DEFENSE**

114. This Court does not have subject matter jurisdiction because Fair Labor Standards Act and 29 U.S.C. § 207 are not applicable to this action, therefore no supplemental jurisdiction exists.

**AS AND FOR A TENTH DEFENSE**

115. Plaintiffs did not work the hours claimed and/or the hours worked are not compensable.

**AS AND FOR AN ELEVENTH DEFENSE**

116. Plaintiffs were properly compensated for hours worked.

**AS AND FOR A TWELFTH DEFENSE**

117. Plaintiffs were not "employees," their claims are precluded to the extent preempted by the Fair Labor Standards Act ("FLSA").

**AS AND FOR A THIRTEENTH DEFENSE**

118. Plaintiffs failed to mitigate their damages.

**AS AND FOR A FOURTEENTH DEFENSE**

119. To the extent Defendants' actions violated New York or Federal Law, such actions were neither intentional nor willful.

**AS AND FOR A FIFTEENTH DEFENSE**

120. Plaintiffs were exempt from overtime requirements pursuant to New York Labor Law and Fair Labor Standards Act and 29 U.S.C. § 207.

## AS AND FOR A SIXTEENTH DEFENSE

121.    Defendants acted in good faith and acted in conformity with and in reliance on any written regulation, order, ruling, approval, interpretation, or opinion of the Department of Labor, Wage and Hour Division and Fair Labor Standards Act and 29 U.S.C. § 207.

## AS AND FOR A SEVENTEENTH DEFENSE

122.    Defendants acted in good faith, with reasonable grounds to believe they were not violating law.

## AS AND FOR A EIGHTEENTH DEFENSE

123.    Plaintiff's claims, and the claims of those individuals he seeks to represent, are barred because they lack standing to assert such claims to the extent they are not covered by the statutes sought to be invoked.

## AS AND FOR A NINTEEENTH DEFENSE

124.    Plaintiff's claims are barred to the extent that they are not simple, concise or direct as required by Rule 8(d).

## AS AND FOR A TWENTIETH DEFENSE

125.    Plaintiff has failed to plead facts with sufficient particularity to support an award of liquidated damages or, alternatively, any award of liquidated damages is barred because Defendants acted in good faith, with reasonable basis and an honest intention to comply with the law at all times.

### AS AND FOR A TWENTY-FIRST DEFENSE

126. Defendants, without admitting that any violations of the FLSA have occurred, declares that the *de minimis* rule applies to any such violations.

### AS AND FOR A TWENTY-SECOND DEFENSE

127. Assuming Plaintiffs were not properly reimbursed on an occasion, without admitting that any violation has occurred and/or that Defendants did not properly pay the Plaintiff, Plaintiffs were paid and therefore cannot double recover.

### AS AND FOR A TWENTY-THIRD DEFENSE

128. Wages, including overtime rate if applicable, were given to Plaintiff in accordance with 5 U.S. Code § 5544 and 5 CFR § 532.503. 17. Plaintiffs exaggerated their work hours and concealed their actual hours in order to wrongfully enrich herself.

### AS AND FOR A TWENTY-FOURTH DEFENSE

129. Defendants will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### AS AND FOR A FIRST COUNTERCLAIM
### (*TRESPASS AS TO PLAINTIFF GILBERTO TRINIDAD*)

130. Defendant 62 Realty LLC is the owner of 3070 Decatur Avenue, Bronx, New York 10467 (the "Subject Premises").

131. In or about 2015, Plaintiff Gilberto Trinidad ("Trinidad") became supertinendent and was tranferred to the Subject Premises.

132. Plaintiff Trinidad had a license to enter and reside at 3070 Decatur Avenue, Basement/Supreintedent Apartment Bronx, New York 10467 (the "Apartment"). This license was expressly limited as an incident to Plaintiff Trinidad's employment, and access was only to the Apartment, and not in any other room or area outside of the Apartment.

133. Upon information and belief, shortly after being transferred to the Subject Premises and to the Apartment, Trinidad blocked 62 Realty LLC's access to the Basement at the Subject Premises.

134. Trinidad unlawfully entered and begin to utilize the Basement and an adjacent space (hereinafter the "Adjacent Space") near the Apartment for his own personal use.

135. Upon information and belief, the Adjacent Space near the Apartment is under lock and key.

136. The Adjacent space is the *only* means of ingress and agress to the Subject Premises' electrical system, circuit breakers, electric meters, gas meters, pipes and a storage closet.

137. 62 Realty is entitled to unfettered access as owner of the Subject Premises. 62 Realty has made numerous requests of Plaintiff Trinidad to provide access to the Adjacent Space.

138. Plaintiff Trinidad therefore unlawfully entered the Adjacent Space and invaded 62 Realty LLC's right to exclusive possession of the Subject Premises, which unlawful entry and invasion remained continuous and ongoing for several years.

139. Plaintiff Trinidad's invasion of 62 Realty LLC's right to exclusive possession of the Subject Premises and Adjacent Space was intentional or was in reckless disregard of 62 Realty LLC's rights and the license granted.

140. As a direct and proximate result of Trinidad's unlawful entry to the Subject Premises and the Adjacent Space and negligent installation of a lock and to not provide a copy of the key to 62 Realty LLC, 62 Realty LLC, suffered damages inasmuch as it suffered substantial damage to and was effectively deprived of the use and enjoyment of the Subject Premises for the purpose, and has incurred damages through costs, in an amount to be determined at trial, but not less than $400,000.00.

## AS AND FOR A SECOND COUNTERCLAIM
### (*PRIVATE NUISANCE AGAINST PLAINTIFF TRINIDAD*)

141. Defendants repeat and reallege the foregoing allegations as if fully set forth herein.

142. Trinidad's use of the Adjacent Space constitutes a continuous interference in 62 Realty LLC's rights to use and enjoy the Subject Premises, in as much as it prevents 62 Realty LLC from carrying out its business on the Subject Premises.

143. Trinidad's interference is substantial in nature, inasmuch as it has occasioned harm to 62 Realty LLC, has compromised 62 Realty LLC to carry on its business, and has therefore precluded 62 Realty LLC from operating its business.

144. Trinidad's interference is intentional in origin inasmuch as Trinidad knowingly exceeded the scope of the license which he was granted and intentionally used and continues to use and impede 62 Realty LLC's access to the Adjacent Space.

145. Trinidad's interference is unreasonable in character inasmuch as it disproportionately affects 62 Realty LLC by precluding it from carrying on the business.

146. Accordingly, Trinidad has created an actionable and ongoing nuisance on the Subject Premises.

147. As a direct and proximate result of the nuisance created by Trinidad, 62 Realty LLC has suffered damages and continues to suffer damages and is effectively deprived of the use and

enjoyment of the Subject Premises for the commercial purpose, and has incurred damages through costs, violations, and inability to access the Adjacent Space to make necessary repairs, in an amount to be determined at trial, but not less than $400,000.00.

## REQUEST FOR RELIEF

Based upon these answers and defenses, the Defendants respectfully requests that the Court entered a judgment as follows:

(a) Dismissing the Plaintiffs' claims in their entirety, on the merits, and with prejudice;

(b) Denying the Plaintiffs' request for statutory damages, attorney fees, litigation expenses and costs of suit;

(c) As to Defendants First Counterclaim, judgment against Plaintiff Gilberto Trinidad in favor of Defendants, in a sum to be determined by the Court, along with counsel fees and costs incurred with respect to this action;

(d) As to Defendants Second Counterclaim, judgment against Plaintiff Gilberto Trinidad in favor of Defendants, in a sum to be determined by the court, along with counsel fees and costs incurred with respect to this action;

(e) Awarding the Defendants legal fees, compensatory damages, and punitive damages to be ascertained at a trial;

(f) Awarding such other and further relief as the Court may find to be just and equitable.

Dated:   Fresh Meadows, New York
         February 9, 2022

/s/ Alan Smikun
Alan Smikun, Esq.
Smikun Law, PLLC
Attorney for Defendants
176-25 Union92 Turnpike Suite 402
Fresh Meadows, New York

Smikunlaw@gmail.com
P: 718-928-8820

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GILBERTO TRINIDAD, JEREMY
FERNANDEZ and NICOLAS DE JESUS
HERRERA SANCHEZ

                                                                                         Action No.:
                                                                                       22-cv-00101-JMF
                        -Plaintiff-

      -against-

62 REALTY, LLC, 311 REALTY, LLC,
DEANNA JOY and JIM FRANTZ,

                        Defendant.
-----------------------------------------------------------X

## ANSWER WITH COUNTERCLAIMS

Alan Smikun, Esq.
Smikun Law, PLLC
Attorney for Defendants
176-25 Union Turnpike Suite 402
Fresh Meadows, New York
Smikunlaw@gmail.com
P: 718-928-8820