**Smikun Law, PLLC**
**Attorney at Law**
**176-25 Union Turnpike, Suite 402**
**Fresh Meadows, New York 11365**
**Telephone: 718-928-8820**
**Fax: 718-732-2868**
**Email: Smikunlaw@gmail.com**

Feburary 16, 2022

**VIA ECF FILING**
Honorable Jesse M. Furman
United States District of New York
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      **RE**:    22-cv-00101-JMF
                   Gilberto Trinidad *et al.* v. 62 Realty, LLC *et al.*

Honorable Furman,

     This Firm represents Defendants 62 Realty, LLC, 311 Realty, LLC, Deanna Joy and Jim Frantz (hereinafter collectively the "Defendants"). This Firm believes that this action will not benefit from an early settlement conference at this time.

     This action was commenced one day *after* Plaintiff Gilberto Trinidad and Jeremy Fernandez were terminated as Superintendents of their respective buildings located in Bronx County New York. Plaintiff Trinidad and Fernandez continue to holdover in their superintendent apartments.

     This Firm caused to be served Ten Day Notices to Quit on or about January 25, 2022. In addition, a Demand Letter was sent by first class mailing and served on Plaintiff Gilberto Trinidad personally on January 31, 2022, at 12:40 p.m., requesting that he immediatley provide access to a storage, communication, and service hub adjacent to his superintendent apartment. Trinidad has refused access to Defendants, despite repeated attempts. On the date of vacatur, as requested in the Notice to Quit served on the Parties in anticipation to a summary holdover proceeding to be commenced in Bronx County Housing Court, the camera and internet system at 3070 Decatur Avenue, Bronx, New York, "unexpectadly" malfunctioned. Plaintiff refuses Defendants access into their own building for management purposes.

     This Firm is contemplating whether an order to show cause is necessary, and has expressed same to opposing counsel, for the sole purpose at this time to provide Defendants' access to their righful property during this vexatious litigation. In addition, this Firm anticipates a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b) for, *inter alia*, failure to plead a cause of action under the Fair Labor Standards Act.  This Firm belives that these claims are not applicable to the this action based on the Plaintiffs not participating in any type of "commerce", as defined in 29 U.S.C. § 203, as they have not left their respective properties in furtherance of any employment purposes for Defendants.  Prior to any further action from this Firm, we would respectfully request that a telephonic conference be scheduled with this Court and Counsels' respective clients and so further request that the respective Parties provide this Court with some times conveniant for all parties or as conveniant for this Court. We thank this Court for its courtisies.

    Respectfully,

    /s/ Alan Smikun
    Alan Smikun, Esq.
    Smikun Law, PLLC

cc:    *Marc Rapaport VIA ECF*
        Attorney for Plaintiffs