Rapaport Law Firm, PLLC | Attorneys at Law | 80 Eighth Avenue | Suite 206 | New York, NY 10011 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

# Rapaport Law Firm

Marc A. Rapaport*
Tel (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

February 17, 2022

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Centre Street
New York, New York 10007

      Re:    Gilberto Trinidad et al. v. 62 Realty, LLC, et al.
              Case No. 22-cv-00101 (JMF) (GWG)

Dear Judge Furman:

      We represent plaintiffs ("Plaintiffs") in the above-referenced wage and hour matter. We submit this letter in opposition to Defendants' letter motion (Dkt. 20) (the "Letter Motion") of February 15, 2022, in which Defendants seek relief from the Court's Order (Dkt. 11), directing an early settlement conference. Given the straightforward nature of Plaintiffs' claims, an early settlement conference is appropriate, and it should not be cancelled.

      Plaintiffs, former employees of Defendants, assert claims for wage and hour violations. Plaintiffs Gilberto Trinidad ("Mr. "Trinidad") and Jeremy Fernandez, ("Mr. Fernandez"), who worked for Defendants as superintendents, allege they are owed unpaid overtime pay. Plaintiff Nicolas de Jesus Herrera Sanchez ("Mr. Herrera Sanchez"), who worked as a porter, asserts minimum wage claims.

      Although it is not entirely clear, based on the Letter Motion, it appears that Defendants oppose an early settlement conference because of issues relating to their state law counterclaims for nuisance and trespass against Mr. Trinidad. Defendants' Answer with Counterclaims (Dkt. 17) ¶¶ 130 – 147. But, as discussed below, there is no valid basis for this Court to exercise supplemental jurisdiction over Defendants' allegations of nuisance and trespass. In any event, in cases involving wage claims of former live-in superintendents, lingering landlord/tenant issues are not uncommon. Those issues are adjudicated separately (namely, in state court summary proceedings). In past cases, Plaintiffs' counsel has found that disagreements relating to superintendents' continued occupancy of apartments do not doom the prospects of reaching a

Honorable Jesse M. Furman
United States District Judge
February 17, 2022

settlement. Furthermore, given the circumstances that Defendants describe in the Letter Motion, there is a heightened risk that litigation may exacerbate acrimony, which only adds to the reasons why the parties should proceed with an initial settlement conference.

In the Letter Motion, Defendants state that they are contemplating an order to show cause "for the sole purpose at this time to provide Defendants' access to their rightful property during this litigation." Letter Motion at p. 1. It is unclear whether Defendants intend to file their motion with this Court, or with the New York City Civil Court, where residential landlord tenant matters are typically adjudicated. In the same paragraph, Defendants make reference to an anticipated state court holdover proceeding.

Regardless, there is no valid basis for this Court to exercise supplemental jurisdiction over Defendants' counterclaims or their anticipated order to show cause. Those issues (which, in any event, do not negate the potential benefit of an early settlement conference) belong in state court. There is no overlap between the facts and issues underlying Plaintiffs' wage claims and Defendants' counterclaims against Mr. Trinidad. The fact that a counterclaim arises out of the parties' employment relationship is not sufficient for supplemental jurisdiction. *E.g., Mori v. El Asset Mgmt.*, 2016 U.S. Dist. LEXIS 27911 at *8 - *9 (S.D.N.Y. Jan. 28, 2016) (declining to exercise supplemental jurisdiction over employer's counterclaims against former employee for unauthorized trading); *Anwar v. Stephens*, 2016 U.S. Dist. LEXIS 102816 at *5- *6 (E.D.N.Y. Aug. 3, 2016) (declining to exercise supplemental jurisdiction over employer's counterclaims asserting breach of contract and unjust enrichment against FLSA plaintiff). Here, Defendants indicate they already contemplate commencing eviction proceedings in state court, where Mr. Trinidad would have the right to assigned counsel and other crucial procedural protections.

Although we believe that Defendants' assertions against Mr. Trinidad belong in state court, we have tried to resolve Defendants' concerns regarding access. After we were contacted by Mr. Smikun regarding Defendants' alleged concerns,[1] we met with Mr. Trinidad. Since then, we have had follow-up discussions with Mr. Smikun. Briefly summarized, Mr. Trinidad and his family reside in a warren of small rooms in the basement of the building. Defendants request access to one of these rooms. We offered an arrangement to afford access.

Finally, Defendants' suggestion that they intend to file a motion to dismiss is irrelevant to the issue of whether to proceed with an early settlement conference. Beyond that, Defendants clearly do not set forth any valid basis for dismissal. Defendants' allegation that "Plaintiffs have not left their respective properties in furtherance of any employment purposes" would not, even if true, support a motion to dismiss.

---

[1] Mr. Smikun sent his demand letter to Mr. Trinidad, rather than to our firm. We learned of the letter late last week, after Mr. Smikun called our firm. The demand letter, a copy of which is attached hereto as Exhibit A, focuses on the access issues that are the subject of Defendants' counterclaims. This was inappropriate. Rule 4.2(a), New York Rules of Professional Conduct (NYRPC).

2

Honorable Jesse M. Furman
United States District Judge
February 17, 2022

    For all of the reasons set forth above, Plaintiffs ask the Court to deny the relief requested by Defendants in the Letter Motion.

                                      Respectfully yours,

                                              /s/

                                      Marc A. Rapaport

cc:    Alan Smikun, Esq.  (*Via ECF only*)