UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GILBERTO TRINIDAD, JEREMY,
FERNANDEZ and NICOLAS DE JESUS    Case No. 22-cv-00101(JMF)
HERRERA SANCHEZ,

                            Plaintiffs,

    - against -

62 REALTY, LLC, 311 REALTY LLC,
DEANNA JOY and JIM FRANTZ,

                            Defendants.
-----------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**


                            RAPAPORT LAW FIRM, PLLC
                            80 Eighth Avenue, Suite 206
                            New York, New York 10011
                            Phone: (212) 382-1600
                            Email: mrapaport@rapaportlaw.com


*On the Brief:*
Marc A. Rapaport

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL BACKGROUND........................................................................................ 2

SUMMARY OF THE FACTS PERTINENT TO THIS MOTION..................................... 3

ARGUMENT ........................................................................................................................... 4

   I.    LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(1). .................................. 4

   II.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER DEFENDANT'S PERMISSIVE COUNTERCLAIMS .......... 6

CONCLUSION........................................................................................................................ 7

## **TABLE OF AUTHORITIES**

**Cases**

*Achtman v. Kirby, Mclnerny & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006) ........................ 6

*Anwar v. Stephens*, 2016 U.S. Dist. LEXIS 102816 (E.D.N.Y. Aug. 3, 2016) ..................... 7

*Durant, Nichols, Houston & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56 (2d Cir. 2009) 5

*Jones v. Ford Motor Credit,* 358 F.3d 205 ....................................................................... 6

*Mori v. E1 Asset Mgmt.*, 2016 U.S. Dist. LEXIS 27911 (S.D.N.Y Jan. 28, 2016) ......... 6, 7

*Nike, Inc. v. Already, LLC*, 663 F.3d 89 (2d Cir. 2011) ...................................................... 5

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) ................................................. 6

**Statutes and Rules**

28 U.S.C. § 1367(a) ....................................................................................................... 5, 6

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 1, 4, 5, 7

Fed. R. Civ. P. 13(a) ........................................................................................................... 5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiffs' motion to dismiss Defendants' counterclaims against Gilberto Trinidad ("Trinidad") pursuant to Fed. R. Civ. P. 12(b)(1), as this Court plainly lacks jurisdiction over their subject matter. Defendants' counterclaims are neither compulsory nor "so related" to Plaintiffs' federal law claims such that an exercise of supplemental jurisdiction is appropriate.

Plaintiffs Trinidad and Jeremy Fernandez ("Fernandez") assert overtime claims, and plaintiff Nicolas de Jesus Herrera Sanchez ("Herrera Sanchez") asserts minimum wage and overtime claims, under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against 62 Realty, LLC, 311 Realty, LLC, Deanna Joy and Jim Frantz (collectively, "Defendants").  Trinidad and Fernandez worked for Defendants as superintendents until January 6, 2022.  Herrera Sanchez worked for Defendants as a porter until on or about August 30, 2021.

As set forth in the Complaint, Defendants are a unified and centrally-controlled real estate enterprise that owns and controls apartment buildings in Bronx County, New York. Compl. ¶2. Dkt. 1.  On January 5, 2022, Plaintiffs commenced this action against Defendants for their flagrant abuse of Plaintiffs under the FLSA and the NYLL.

In response to Plaintiffs' allegations that Defendants failed to pay overtime and (with respect to Herrera Sanchez) minimum wages required by the FLSA and NYLL, Defendants answered Plaintiffs' complaint and brought two counterclaims (one for trespass; the other for nuisance) (the "Counterclaims") against Trinidad.  Defendants' Counterclaims are both based on Defendants' allegation that Trinidad allegedly uses space adjacent to his basement living space (the "Apartment") at 3070 Decatur Avenue, Bronx, NY ("3070 Decatur") without Defendants' permission. Defendants allege that Trinidad's allegedly unauthorized use of this space has been

"ongoing for several years" (Answer ¶ 138 [Dkt. No. 17]), and that Trinidad purportedly began blocking access to portions of the basement "shortly after" he began working as superintendent. Answer ¶ 133. Defendants demand $400,000 in damages for each of the Counterclaims, plus, in paragraph (e) of the Complaint's *ad damnum* section, punitive damages, legal fees and costs. Answer ¶¶ 140, 147 and claim for relief. It is almost too obvious to state: Defendants' decision to file counterclaims demanding $400,000 in damages, plus unspecified punitive damages, all for Trinidad's alleged use of basement space that – by Defendants' own telling, they have known about for years – raises deep concerns that the Counterclaims are retaliatory.

These permissive retaliatory Counterclaims arise solely from state law and contain no logical relationship to Plaintiffs' claims, as they arise from a "nucleus of operative facts" that are distinct from, and have no overlap with, the facts underlying Plaintiffs' case or controversy. There is no diversity jurisdiction – all parties are New York residents. Thus, this Court should decline to exercise jurisdiction and dismiss Defendants' Counterclaims from this action.

## PROCEDURAL BACKGROUND

Plaintiffs filed their complaint on January 5, 2022. Dkt. No. 1. On January 6, 2022, this Court entered Orders for an early settlement conference and referring this case to Magistrate Judge Gabriel W. Gorenstein for settlement. Dkt. Nos. 11 and 12. On February 9, 2022, Defendants' filed their answer, including the Counterclaims. On February 15, 2022, Defendants filed a letter motion [Dkt. No. 20] arguing that a settlement conference was inappropriate because of Defendants' ongoing dispute with Trinidad regarding his alleged use of space adjacent to his Apartment. According to Defendants, they had served "Ten Day Notices to Quit" on Trinidad and Fernandez, a prerequisite for their planned "summary holdover proceeding" in Bronx County Housing Court. Dkt. No. 20. According to Defendants, because of their lingering landlord/tenant disputes with Trinidad and Fernandez (which, at least with respect to Trinidad, is

also the subject of Defendants' Counterclaims), a settlement conference would be an exercise in futility. Dkt. No. 20.

In Plaintiffs' written opposition to Defendants' motion, and in oral argument during the motion hearing on February 18, 2022, Plaintiffs noted that the Counterclaims, as well as the allegations in Defendants' letter motion, solely concerned landlord tenant issues over which this Court should not exercise supplemental jurisdiction. Dkt. No. 22. Plaintiffs further noted that the issues raised by Defendant in their Counterclaims and letter motion were particularly unsuitable for adjudication by this Court because they involved specialized residential landlord tenant issues typically adjudicated through summary proceedings in state court, where Mr. Trinidad would have the benefit of assigned counsel and other procedural protections unique to residential summary proceedings. As noted above, in their letter motion, Defendants already voiced their intention to pursue Housing Court proceedings.

The Court directed the parties to proceed with a settlement conference, which is now scheduled to take place on April 11, 2022, before Magistrate Judge Gorenstein.

## SUMMARY OF THE FACTS PERTINENT TO THIS MOTION[1]

Trinidad and Fernandez, who worked for Defendants as superintendents, allege that Defendants required them to work numerous hours of overtime on a weekly basis without overtime compensation that Defendants were obligated to pay them under the FLSA and NYLL. Compl. ¶ 37.

Herrera Sanchez, who worked for Defendants as a porter, was paid flat weekly sums that resulted in effective hourly rates that fell below federal and/or New York minimum wage rates.

---

[1] This summary of facts is based on the factual allegations pled by Plaintiffs and Defendants. Plaintiffs do not concede the veracity of such facts, and provide them solely for purposes of this motion because in evaluating a motion to dismiss under Rule 12(b)(1), they are taken as true solely for purposes of the motion. *Anwar v. Stephens*, No. 15-cv-4493, 2016 U.S. Dist. LEXIS 102816 *4 (E.D.N.Y. Aug. 3, 2016).

Compl. ¶ 37. Herrera Sanchez' wages were so woefully low, they suggest callous exploitation on the part of Defendants. Defendants paid Herrera Sanchez $250.00 per week until early 2018, when Defendants raised Herrera Sanchez's weekly pay to $300.00. Compl. ¶¶ 72 – 73. On average, Herrera worked sixty (60) hours per week. Compl. ¶ 71.

All three Plaintiffs allege that Defendants violated the NYLL's wage statement and wage notice requirements. Compl., ¶¶ 99–107. Trinidad and Fernandez also allege that they were subjected to illegal deductions from their pay by virtue of having been required to provide their own tools of the trade without reimbursement from Defendants. Compl. ¶ 95.

Defendants' Counterclaims are utterly unrelated to Plaintiffs' wages, hours of work or other factual underpinnings of Plaintiffs' claims. Rather, the Counterclaims arise from what amounts to a single factual allegation, to wit: that Trinidad allegedly occupied (and continues to occupy) space contiguous to his basement apartment. Defendants vaguely assert that Trinidad's purported "unlawful entry and invasion" has taken place "for several years." Compl. ¶ 138. The fact that Defendants waited until now – in response to Trinidad's wage claims – to object to Trinidad's alleged use of excess space (and that they seize upon this allegation to demand hundreds of thousands of dollars in damages, plus unspecified punitive damages and legal fees), is highly suggestive that the Counterclaims are retaliatory.

## ARGUMENT

### I.   LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(1).

Federal district courts are courts of "limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotations omitted). A court should dismiss claims for lack of subject matter jurisdiction under Rule 12(b)(1) "when the

district court lacks the statutory or constitution power to adjudicate it." See, *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). While supplemental jurisdiction permits courts to adjudicate certain state law claims, this is only when the state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a).

Clearly, Defendants' Counterclaims, which solely involve the issue of whether Defendants were deprived of access to space in the basement of 3070 Decatur, are not so logically connected to Plaintiffs' wage and hour claims such that they constitute compulsory counterclaims. Indeed, there is no connection at all. Plaintiffs' wage claims involve an inquiry into the work schedules and compensation of three plaintiffs. Defendants' counterclaims concern an entirely separate, distinct issue: access to space in a basement where one plaintiff resides. The sole, tenuous connection is that Trinidad lived in his apartment in connection with his employment. Where, as here, the only connection between a plaintiff's FLSA claim and a defendant's counterclaim is that they arise out of the same employment relationship, this is "insufficient to support a finding that counterclaims are compulsory." *Mori v. E1 Asset Mgmt.*, 15-cv-1991 (AT), 2016 U.S. Dist. LEXIS 27911 *7 (S.D.N.Y Jan. 28, 2016) (internal citations omitted).

Where a counterclaim is permissive rather than compulsory, the court may exercise supplemental jurisdiction if the counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a);

*see also Jones v. Ford Motor Credit,* 358 F.3d 205, 212. To constitute the same case or controversy, the claims "must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). This analysis involves an inquiry into "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, Mclnerny & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation marks omitted).

## II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDITION OVER DEFENDANT'S PERMISSIVE COUNTERCLAIMS

There is no valid basis for this Court to exercise supplemental jurisdiction over Defendants' counterclaims. There is no overlap between the factual underpinnings of Plaintiffs' wage claims and the Counterclaims.

Plaintiffs' federal claims turn solely on the number of hours that each plaintiff worked and the manner in which Defendants paid (or inadequately paid) each plaintiff for those hours. In contrast, the Counterclaims turn on an utterly unrelated, narrow issue: whether Defendants were deprived of access to space in the basement of 3070 Decatur. On their face, the Counterclaims strongly suggest punitive retaliation and intimidation. The lone, tenuous thread is the parties' former employment relationship.

Where the parties' prior employment relationship serves as the "sole fact" connecting a plaintiff-employee's federal overtime claims and a defendant-employer's state law counterclaims, the requisite common nucleus needed for supplemental jurisdiction over the counterclaims is lacking. *See, e.g., Mori*, 2016 U.S. Dist. LEXIS 27911 at *8 - *9 (declining to exercise supplemental jurisdiction over employer's counterclaims against former employee for unauthorized trading); *Anwar*, 2016 U.S. Dist. LEXIS 102816 at *5- *6 (declining to exercise

supplemental jurisdiction over employer's counterclaims asserting breach of contract and unjust enrichment against FLSA plaintiff).

Beyond the lack of any overlap between the facts underlying Defendants' Counterclaims and Plaintiffs' wage and hour claims, there are additional factors that support the dismissal of the counterclaims pursuant to Fed. R. Civ. P. 12(b)(1), including: (a) housing court is better suited to provide Trinidad with procedural protections, including assigned counsel, available to low-income residential tenants; (b) Defendants' convoluted allegations will complicate and potentially delay this otherwise straightforward proceeding; and (c) Defendants' allegations relate to only one of the three Plaintiffs.

## CONCLUSION

Plaintiffs respectfully request that the Court decline to exercise supplemental jurisdiction over either of Defendants' counterclaims, and dismiss those claims pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

Dated: New York, New York   By:   /s/ Marc. A Rapaport
March 4, 2022                     Rapaport Law Firm, PLLC
                                  *Attorneys for Plaintiffs*
                                  80 Eighth Avenue, Suite 206
                                  New York, NY 10011
                                  Tel: (212) 382-1600