# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 21, 2022

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Jennifer L. Rochon, U.S.D.J.
500 Pearl Street, Courtroom 20B
New York, NY 10007-1312

  *Re:* **Trinidad**, *et al.* **v. 62 Realty, LLC**, *et al.*
    <u>Case No.: 1:22-cv-101 (JLR) (GWG)</u>
    <u>MLLG File No.: 149-2022</u>

Dear Judge Rochon:

  This firm represents the Defendants in the above-referenced case together with Smikun Law, PLLC. Defendants write to submit the instant letter response in opposition to Plaintiffs' November 16, 2022 letter motion for a conference pursuant to this Court's November 17, 2022 Order. As set forth below, however, Defendants consent to an appropriate extension of time.

  Defendants respectfully submit that Plaintiffs are engaged in a sleight-of-hand concerning the representations made in their letter. Although the parties have twice met and conferred[1] concerning scheduling and discovery, the Plaintiffs conveniently omit the truth of what transpired at these telephonic meet-and-confers.

  Following the October 20, 2022 virtual conference before this Court, in which a deadline for the completion of all fact discovery was set for November 30, 2022, the parties first met and conferred on November 10, 2022 due to opposing counsel's unavailability while traveling. Although Plaintiff sent deposition notices on October 25, 2022, the parties subsequently agreed to meet and confer on all available dates. At the November 10, 2022 telephonic meet-and-confer, the parties chose five (5) available dates[2] for depositions for six (6) witnesses.[3] During this conference, no issues were raised concerning any outstanding discovery. <u>See</u> copy of memorialization of conference annexed hereto as **Exhibit "A."**

---

[1] Not three times, as Plaintiffs represent.

[2] Those dates are November 17, 18, 21, 28, and 30. Plaintiffs had a potential conflict on the 18th due to a court appearance in Suffolk County Supreme Court, which – at that time – Plaintiffs' counsel was uncertain as to whether it would proceed virtually or in-person, but was subsequently confirmed to be an in-person appearance. Defendants' counsel had a potential conflict on the 21st, which was later resolved and no longer constituted a conflict.

[3] These include the three (3) Plaintiffs, two (2) individual Defendants, and a third-party who was subpoenaed but is represented by your undersigned.

The following day, on November 12, 2022, Plaintiffs' counsel for the first time raised a concern about receiving the supplemental discovery responses, whereupon your undersigned offered to conduct the depositions of Plaintiffs on the 17th and 18th if Defendants are unable to provide supplemental responses by Wednesday, November 16, 2022. Rather than agree to this sensible approach, Plaintiffs unreasonably stated that they need the supplemental responses prior to beginning depositions. This is despite the fact that there is no Order directing the parties as to which order discovery shall proceed in. See Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004) (holding that district courts have broad discretion to direct and manage the pre-trial discovery process, including what is discoverable and the order in which discovery proceeds).

On November 14, 2022, Plaintiffs' counsel confirmed that two of the three[4] Plaintiffs are flying back from the Dominican Republic and will arrive in the United States on Friday, November 18, 2022. That evening, the parties met-and-conferred telephonically for the second time. During that meet-and-confer, Defendants submitted that their supplemental responses would be served upon Plaintiffs by Wednesday, November 16, 2022, that the parties would confirm which parties will be deposed on the previously agreed-upon dates except for the 17th and 18th due to Plaintiffs' unreasonable objection, and Defendants informed Plaintiffs that they will be moving for judgment on the pleadings that evening.[5]

Defendants also specifically informed Plaintiffs' counsel of this because Plaintiffs have repeatedly engaged in sandbagging Defendants with a variety of letter motions without any advance notice. Your undersigned specifically informed Plaintiffs' counsel that we expect to work collegially without sandbagging each other going forward. Finally, in light of our inability to complete six (6) depositions with only three (3) dates remaining given Plaintiffs' unreasonable objection to proceeding with any depositions, including that of any of the Plaintiffs, until the supplemental responses are received, the parties agreed to file a joint letter motion for an extension of time to complete discovery. It was anticipated that this letter would apprise the Court of the depositions which the parties have agreed to schedule (after speaking with our respective clients the following day), and to request additional time to complete the remaining depositions.

Rather than preparing a joint letter as the parties agreed, or inquiring about the status of same on Defendants' end, Plaintiffs proceeded to – once again – engage in sandbagging Defendants by filing the instant letter. The instant response follows.

---

[4] This means that at least one of the Plaintiffs who, by inference, remains in the United States, could have been deposed on Thursday, November 17, 2022 or Friday, November 18, 2022.

[5] Your undersigned also pointed out to Plaintiffs' counsel that he has repeatedly followed up on his discovery demands, but has altogether failed to comply with this Court's October 20, 2022 Order to respond to Defendants' September 12, 2022 deficiency letter by October 27, 2022. Conspicuously, Plaintiffs' counsel was prepared with the answer that he had prepared a late response by November 7, 2022 but that it somehow failed to leave his outbox on that date. We received a response on November 15, 2022 following our second telephonic meet-and-confer, in which we apprised Plaintiffs' counsel that a letter motion for a conference pursuant to Local Civil Rule ("LCR") 37.2 was forthcoming. This letter motion was abated based on his representations that a response would be sent. Based on our review of Plaintiffs' response, Defendants will be forced to move for a conference pursuant to LCR 37.2.

      Defendants produced their supplemental responses on November 16, 2022, as the parties previously agreed at their meet-and-confer. Notably, Plaintiffs' letter motion for a conference complaining that they have not been received was filed earlier that day at 4:50 PM without so much as an indication that Plaintiffs would be so moving.

      As for the text messages Plaintiffs complain about not receiving, it is worthy to note that they have already produced all the messages – and there are many of them – between the parties. During the parties' second (and final) meet-and-confer, Defendants specifically informed Plaintiffs' counsel that there were no text messages in their possession, custody, or control, and that Plaintiffs could inquire of Defendants regarding why at their respective depositions. Plaintiffs have refused to do so. Defendants cannot produce what they do not (or no longer) have.

      Plaintiffs complain about the motion filed by Defendants, but have not asked Defendants for their consent to extend their deadline to oppose. Defendants are prepared to so consent, on the condition that they receive additional time to submit a reply. Notably, Plaintiffs also have the opportunity to amend the pleadings pursuant to this Court's Individual Rules, but have not indicated that they would so amend.

      Defendants, of course, consent to an appropriate extension of time to complete discovery. Defendants merely wish that Plaintiffs would work together as colleagues instead of engaging in sandbagging and "racing" to see who's "first" to the courthouse doors. Due to Plaintiffs' inappropriate conduct, Defendants respectfully submit that Plaintiffs should be Ordered to appear for their depositions at your undersigned's office on Monday, November 28, 2022 and Wednesday, November 30, 2022. Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
       November 21, 2022                Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**
                                        /s
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 303-1395 (direct dial)
                                        (516) 328-0082 (facsimile)
                                        emanuel@mllaborlaw.com

Dated: Fresh Meadows, New York
       November 21, 2022                **SMIKUN LAW, PLLC**
                                        */s Alan Smikun, Esq.*
                                        Alan Smikun, Esq.
                                        17625 Union Turnpike, Suite 402
                                        Fresh Meadows, NY 11365-1515
                                        (718) 928-8820 (office)
                                        smikunlaw@gmail.com

                                        *Attorneys for Defendants*

**VIA ECF**
Rapaport Law Firm, PLLC
Attn: Marc Andrew Rapaport, Esq.
80 Eighth Avenue, Suite 206
New York, NY 10011-5100
(212) 382-1600 (office)
(212) 382-0920 (facsimile)
mrapaport@rapaportlaw.com

.