# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 25, 2022

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Jennifer L. Rochon, U.S.D.J.
500 Pearl Street, Courtroom 20B
New York, NY 10007-1312

> **Re:** **Trinidad, *et al.* v. 62 Realty, LLC, *et al.*
> **Case No.: 1:22-cv-101 (JLR) (GWG)**
> **MLLG File No.: 149-2022_____**

Dear Judge Rochon:

This firm represents the Defendants in the above-referenced case together with Smikun Law, PLLC. Defendants write pursuant to Local Civil Rule ("LCR") 37.2 and Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") to request an Order compelling Plaintiff Jeremy Fernandez ("Plaintiff Fernandez") to appear for a deposition on Wednesday, November 30, 2022.

## This Court Should Compel Plaintiff Fernandez to Appear for a Deposition on November 30

Following the November 23, 2022 virtual conference before this Court necessitated by the Plaintiff's shenanigans which squandered away three (3) prior agreed-upon dates to conduct depositions,[1] the parties have agreed as follows: (i) the deposition of Plaintiff Gilberto Trinidad will proceed on Monday, November 30, 2022; and (ii) the parties are available to conduct the remaining depositions on Wednesday, November 30, 2022, Thursday, December 8, 2022, Friday, December 16, 2022, Tuesday, December 20, 2022, and Tuesday, December 27, 2022.

Plaintiffs initially proposed that the parties alternate witnesses, i.e., Plaintiff, Defendant, Plaintiff, Defendant, etc., and Defendants did not object to this proposal. However, upon inquiring of each of the witnesses on Defendants' end, they each have prior commitments scheduled on November 30, 2022, including but not limited to medical appointments, and are thus unavailable to proceed on this date. As a result, Defendants proposed that Plaintiff Fernandez appear on Wednesday, November 30, 2022 given Plaintiffs' prior representations that they made a special trip from the Dominican Republic to the United States to do conduct these depositions (and which caused this Court to schedule another conference in this case just two days ago). Defendants also confirmed that a witness on their end is available to proceed on Thursday, December 8, 2022, and the parties have not yet slotted in the remaining party witnesses for the remaining dates.

---

[1] The history of that dilemma was set forth in Defendants' letter response dated November 21, 2022. <u>See</u> ECF Docket Entry 73.

Today, Plaintiffs informed Defendants that they do not agree to produce Plaintiff Fernandez on Wednesday, November 30, 2022 in light of Defendants' unavailability to proceed on this date; *not because Plaintiff Fernandez is unavailable to proceed*, but because Plaintiffs "feel strongly about the two sides … alternat[ing] their depositions" because it is "a matter of fundamental fairness." Rather than proceed with a deposition on a date that all parties are available in order to timely complete discovery, Plaintiffs proposed squandering away *this* date, as well, in the name of alternating depositions.

However, Plaintiffs' proposal, feelings of fairness, and desire to alternate party depositions is unsupported by the Rules; it is black letter law that there's no priority in depositions. See Saldarriaga v. Taradex, Inc., 20-CIV.-4099 (WFK), 2021 WL 54086, at *1 (E.D.N.Y. Jan. 6, 2021) (holding that there is no priority of deposition in federal court); see also Amley v. Sumitomo Mitsui Banking Corp., No. 19-CIV.-3777 (CM) (BCM), 2020 WL 8514825, at *3 (S.D.N.Y. Dec. 8, 2020) ("The parties are reminded that in the absence of a stipulation or court order to the contrary, there is no priority of deposition under the Federal Rules of Civil Procedure"); Rodal v. Massachusetts Mut. Life Ins. Co., No. 19-CIV.-1960 (JMA) (AKT), 2020 WL 3448278, at *1 (E.D.N.Y. Apr. 23, 2020) ("There is no priority of depositions in the federal system, which appears to be acknowledged to some extent by counsel. As such, the Court finds it less than helpful that the parties could not have come to a mutual agreement with respect to scheduling depositions in the course of fulfilling their obligations under Local Rule 37.3"). In fact, many Judges in the Southern District of New York codify this in their civil case management plans and scheduling Orders. See, e.g., Fynan v. Kavulich & Associates, P.C., 22-CIV.-2892 (JMF), 2022 WL 3974464, at *2 (S.D.N.Y. Sept. 1, 2022) ("There is no priority in deposition by reason of a party's status as a plaintiff or a defendant"); see also Soft Drink & Brewery Workers and Delivery Employees Loc. Union No. 812 v. Ulrich, No. 17-CIV.-137 (KMK) (LMS), 2020 WL 1668033 (S.D.N.Y. Apr. 3, 2020) (same).

It is anticipated that Plaintiffs will argue that the parties somehow agreed to alternate depositions, but your undersigned is not aware of any such agreement. Therefore, in order to meet the December 30, 2022 deadline to complete depositions, this Court should require Plaintiff Fernandez to appear on Wednesday, November 30, 2022 for his deposition based upon the parties' agreement to conduct a deposition on this date based upon the availability of the parties,[2] and the fact that Plaintiff Fernandez has not stated that he is unavailable to proceed on this date. The parties met and conferred regarding this issue at 2:00 PM today, and Plaintiffs' only proposed solution was to squander away November 30, 2022 as a deposition date for the sake of alternating depositions on the mistaken belief the parties agreed to it when they never did, and your undersigned is concerned about the availability of dates to conduct a deposition in light of numerous in-person appearances littering his calendar in the month of December. Accordingly, Defendants' letter motion should be granted.

Defendants thank this Court for its time and attention to this case and regret that this application was necessary, which only arises out of the serious concerns Plaintiffs themselves previously raised about timely meeting the fact discovery deadline.

---

[2] See ECF Docket Entry 73-1 ("Once we confirm as to the foregoing dates in question, let's move forward to our clients and slot them in based on their availability"). This memorialization of the parties' initial meet-and-confer on Thursday, November 10, 2022 proves, consequently, that there was never any agreement to alternate depositions.

Dated: Lake Success, New York
      November 25, 2022       Respectfully submitted,

                                **MILMAN LABUDA LAW GROUP PLLC**

                          _____/s_____

                                  Emanuel Kataev, Esq.
                                  3000 Marcus Avenue, Suite 3W8
                                  Lake Success, NY 11042-1073
                                  (516) 328-8899 (office)
                                  (516) 303-1395 (direct dial)
                                  (516) 328-0082 (facsimile)
                                  emanuel@mllaborlaw.com

Dated: Fresh Meadows, New York
      November 25, 2022           **SMIKUN LAW, PLLC**

                                _ _/s Alan Smikun, Esq._____

                                  Alan Smikun, Esq.
                                  17625 Union Turnpike, Suite 402
                                  Fresh Meadows, NY 11365-1515
                                  (718) 928-8820 (office)
                                  smikunlaw@gmail.com

                                  *Attorneys for Defendants*

**VIA ECF**
Rapaport Law Firm, PLLC
<u>Attn</u>: Marc Andrew Rapaport, Esq.
80 Eighth Avenue, Suite 206
New York, NY 10011-5100
(212) 382-1600 (office)
(212) 382-0920 (facsimile)
mrapaport@rapaportlaw.com

.