## SETTLEMENT AGREEMENT AND RELEASE

This is a Settlement Agreement and Release (hereinafter the "Agreement") between 62 Realty LLC ("62 Realty"), 311 Realty LLC ("311 Realty") (62 Realty and 311 Realty collectively hereinafter the "Corporate Defendants"), Deanna Joy a/k/a Dina Grinshpun ("Joy") and Jim Frantz ("Frantz") (Joy and Frantz collectively hereinafter the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Company" or "Defendants"), on the one hand, and Gilberto Trinidad ("Trinidad"), Jeremy Fernandez ("Fernandez"), and Nicolas De Jesus Herrera Sanchez ("Sanchez") (Trinidad, Fernandez, and Sanchez collectively hereinafter the "Plaintiffs"), on the other hand.  The Company and the Plaintiffs may each be referred to as a "Party," or together, be referred to herein as the "Parties."

WHEREAS, a dispute arose between the Parties related to the Plaintiffs' employment with the Company and the terms and conditions thereof; and

WHEREAS, Plaintiffs have commenced an action against the Company in the United States District Court for the Southern District of New York (hereinafter the "Court") styled as Trinidad, et al. v. 62 Realty, LLC, et al., Case No.: 1:22-cv-101 (JLR) (GWG) (hereinafter the "Lawsuit"), alleging wage and hour violations under the Fair Labor Standards Act (hereinafter the "FLSA") and the New York Labor Law (hereinafter the "NYLL");

WHEREAS, the Parties participated in a settlement conference before Hon. Gabriel W. Gorenstein, U.S.M.J., on December 5, 2022, and, thereafter, counsel for the Parties participated in a telephonic continuation of the foregoing conference on January 20, 2023;

WHEREAS, the Company has denied and denies any and all allegations of wrongdoing asserted by the Plaintiffs;

WHEREAS, the Parties reached a settlement in principle at the settlement conference, and the Company and the Plaintiffs desire to fully and finally resolve all differences between them, except for  Plaintiffs' counsel's legal fees and costs, which the parties agree will be adjudicated by the Court;

WHEREAS, the Corporate Defendants commenced two actions in Rockland County Supreme Court, namely 62 Realty v. Trinidad, Index Number 034984/2022, and 311 Realty, LLC v. Fernandez, et ano., Index No. 034986/2022 (collectively, the "Rockland County Supreme Court Proceedings"); and

WHEREAS, Valeriana Trinidad Fernandez commenced a small claims proceeding in the Civil Court of the City of New York, County of Bronx, captioned Valeriana Trinidad Fernandez against 311 Realty LLC, Case No. SC-000186-22BX.

WHEREAS, the Parties acknowledge that they each had an opportunity to consult with counsel of their choosing, each in their primary language, and each has provided substantial input into the following terms, and represent that same are fair, just and equitable;

NOW THEREFORE, subject to approval of this Agreement by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015), in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties intending to be bound, do hereby agree as follows:

1. **Non-Admission.**  This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation.  The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties.  This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement. This Agreement shall also be admissible in connection with Plaintiffs' counsel's motion for attorney's fees and costs herein.

2. **Consideration.**

(a)        In consideration for the Plaintiffs' execution, compliance with, and non-revocation of this Agreement and providing the releases as set forth below, the Company agrees to: (a) pay Plaintiffs amounts to which they are not otherwise entitled in the total gross amount of One Hundred and Twenty Thousand and 00/100 Dollars ($120,000.00) ("Settlement Payment"), exclusive of attorneys' fees and costs incurred in connection with Plaintiffs' claims; (b) and withdraw with prejudice the Rockland County Supreme Court Proceedings.  Defendants shall be jointly and severally liable for the Settlement Payment.  The Settlement Payment will be allocated equally among the Plaintiffs, and paid in three monthly installments as follows:

2.1  PAYMENTS TO GILBERTO TRINIDAD:

(i)        Within thirty (30) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Gilberto Trinidad" in the amount of  Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($4,333.33), less applicable taxes and withholdings, which shall be reportable on an IRS Form W-2, but otherwise without any setoff and/or deductions;

(ii)        Within thirty (30) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Gilberto Trinidad" in the amount of Nine Thousand Dollars and Zero Cents ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3);

(iii)        Within sixty (60) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Gilberto Trinidad" in the amount of Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($4,333.33), less applicable taxes and withholdings, which shall be reportable on an IRS Form W-2, but otherwise without any setoff and/or deductions;

2

(iv)        Within sixty (60) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Gilberto Trinidad" in the amount of Nine Thousand Dollars and Zero Cents ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3);

(v)        Within ninety (90) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Gilberto Trinidad" in the amount of Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Four Cents ($4,333.34), less applicable taxes and withholdings;

(vi)        Within ninety (90) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Gilberto Trinidad" in the amount of Nine Thousand Dollars and Zero Cents ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3);

(vii)        The foregoing payments to Gilberto Trinidad shall be delivered to Rapaport Law Firm, PLLC, 80 Eighth Avenue, Suite 206, New York, New York 10011.

2.2     PAYMENTS TO NICOLAS DE JESUS HERRERA SANCHEZ:

(i)     Within thirty (30) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Nicolas De Jesus Herrera Sanchez" in the amount of  Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents  ($4,333.33), less applicable taxes and withholdings, which shall be reportable on an IRS Form W-2, but otherwise without any setoff and/or deductions;

(ii)     As and for liquidated damages and interest, within thirty (30) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Nicolas De Jesus Herrera Sanchez" in the amount of Nine Thousand Dollars and Zero Cents ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3); and

(iii)     Within sixty (60) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Nicolas De Jesus Herrera Sanchez" in the amount of  Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents($4,333.33), less applicable taxes and withholdings, which shall be reportable on an IRS Form W-2, but otherwise without any setoff and/or deductions;

(iv)  As and for liquidated damages and interest, within sixty (60) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Nicolas De Jesus Herrera Sanchez" in the amount of Nine Thousand Dollars ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3); and

(v)  Within ninety (90) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Nicolas De Jesus Herrera Sanchez" in the amount of Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Four Cents ($4,333.34), less applicable taxes and withholdings, which shall be reportable on an IRS Form W-2, but otherwise without any setoff and/or deductions;

(vi)  As and for liquidated damages and interest, within ninety (90) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Nicolas De Jesus Herrera Sanchez" in the amount of Nine Thousand Dollars ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3); and

(vii)  The foregoing payments to Nicolas De Jesus Herrera Sanchez shall be delivered to Rapaport Law Firm, PLLC, 80 Eighth Avenue, Suite 206, New York, New York 10011.

2.3   PAYMENTS TO JEREMY FERNANDEZ:

(i)  Within thirty (30) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Jeremy Fernandez" in the amount of Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($4,333.33), less applicable taxes and withholdings, which shall be reportable on an IRS Form W-2, but otherwise without any setoff and/or deductions;

(ii)  As and for liquidated damages and interest, within thirty (30) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Jeremy Fernandez" in the amount of Nine Thousand Dollars and Zero Cents ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3); and

(iii)  Within sixty (60) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Jeremy Fernandez" in the amount of Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($4,333.33), less

applicable taxes and withholdings, but otherwise without any setoff and/or deductions;

(iv)     As and for liquidated damages and interest, within sixty (60) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Jeremy Fernandez" in the amount of Nine Thousand Dollars and Zero Cents ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3); and

(v)      Within ninety (90) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a check made payable to "Jeremy Fernandez" in the amount of  Four Thousand Three Hundred Thirty-Three Dollars and Thirty-Four Cents ($4,333.34), less applicable taxes and withholdings, which shall be reportable on an IRS Form W-2, but otherwise without any setoff and/or deductions;

(vi)     As and for liquidated damages and interest, within ninety (90) days of the Court's Order approving this Agreement, Defendants shall issue, or have issued on their behalf, a second check made payable to "Jeremy Fernandez" in the amount of Nine Thousand Dollars ($9,000.00), without deductions, withholdings and/or setoff, which shall be reportable on IRS Form l099 (Box 3); and

(vii)    The foregoing payments to Jeremy Fernandez shall be delivered to Rapaport Law Firm, PLLC, 80 Eighth Avenue, Suite 206, New York, New York 10011.

(b)     Plaintiffs shall receive from the Company, and the Company shall file with the Internal Revenue Service, a Form W-2 and a Form 1099 reflecting payments to the Plaintiffs of that portion of the Settlement Payment designated as wages or liquidated damages and interest, respectively, which was received by them in the prior calendar year. Each Plaintiff shall be responsible to pay all Federal, State and local taxes, if any, in connection with that portion of the Settlement Payment designated as liquidated damages which was received by them.

(c)     Plaintiffs' counsel shall provide to the Company's counsel a current address for each Plaintiff for purposes of mailing IRS Forms W-2 and 1099 as described above.

(d)     Alternatively, the Company may mail IRS Forms W-2 and 1099 for each Plaintiff to Plaintiffs' Counsel's office.

(e)     Any Plaintiff for whom the Company does not have social security information or a TIN number agrees to provide a social security or tax ID number in a W-4 and W-9 for the applicable sums they will receive under this Agreement. If a Plaintiff does not

5

provide a social security or tax ID number, the Company shall make back-up withholdings in accordance with the law.

(f)      The Plaintiffs each agree and affirm that the  Settlement Payment  shall constitute the entire amount of monetary consideration provided to them, exclusive of legal fees and costs, and that Plaintiffs will not seek any further monetary compensation for any other claimed unpaid wages, wage supplements, injuries, damages,  in connection with any of the matters encompassed in this Agreement or any aspect of the Plaintiffs' relationships with the Company, whether as an employee, tenant, licensee, etc. Plaintiffs agree, affirm, and acknowledge that the amount of the Settlement Payment, combined with the Company's withdrawal with prejudice of the Rockland County Supreme Court Proceedings and the Company's general releases, provide each of the Plaintiffs with reasonable and fair consideration for Plaintiffs' claims.

(g)      Plaintiffs further agree that they shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment; provided, however, that solely with respect to payments described above as being allocated to wages (i.e., for which W-2 forms will be issued), Defendants are responsible for the  employer's portion of any employer paid tax associated including the employer's share of Social Security or Medicare tax.   Plaintiffs understand and agree that no representation is made by or on behalf of the Company regarding tax obligations or consequences that may arise from this Agreement.   Further, each Plaintiff agrees to indemnify and hold harmless the Company from and against all liens, liabilities, interest, and penalties that may be assessed against or incurred by it as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against that Plaintiff on the Settlement Payment, except for the employer's portion of payroll taxes for those payments allocated to wages and for which W-2 forms are being issued. Plaintiffs further understand that their counsel cannot provide and will not provide any tax advice and is not responsible for Plaintiffs' tax obligations on the payments referenced in Section 2.

(h) Plaintiffs represent that no tax advice has been given to them by the Company or their representatives and they understand that the Company makes no representation or guarantee as to the tax consequences of these payments.

(i) In the event that Defendants fail to remit the Settlement Payment within the time period set forth hereinabove: (i) Plaintiffs may issue a notice of default to Defendants' counsel via email as follows: emanuel@mllaborlaw.com and smikunlaw@gmail.com and (ii) if Defendants fail to deliver the Settlement Payment so that it is mailed to Rapaport Law Firm, PLLC, within ten (10) days after the issuance of the notice of default, Plaintiffs shall be entitled to enter judgment in the sum outstanding plus reasonable attorney's fees and costs incurred as a result of Defendants' default.   The Court shall retain jurisdiction for the purposes of enforcing this Agreement, including the issuance of the foregoing judgment in the event of a default in the Defendants' issuance of the Settlement Payment.   The foregoing is without prejudiced to any other remedies, recourse and/or proceedings Plaintiffs may have to enforce Defendants' payment obligations.

3. **Claims Released by Plaintiffs.**

      a.    Subject to the Court's approval of this Agreement, in exchange for the Settlement Payment, Defendants' discontinuance with prejudice of the Rockland County Court Proceedings, for other good and valuable consideration, receipt of which is hereby acknowledged, each Plaintiff, on behalf of himself and his respective family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally, fully and forever waives, releases and discharges Defendants from any and all employment-related claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (exclusive of attorneys' fees and costs incurred in connection with the Lawsuit) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, including but not limited to those arising out of, or in any way related to Plaintiffs' hire, benefits, employment, termination or separation from employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiff has previously filed such a claim ("Released Claims").

      b.    Each Plaintiff further agrees and acknowledges that Released Claims include, but are not limited to:

      (i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Older Workers' Benefit Protection Act  and the Age Discrimination in Employment Act, as amended, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

      (ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance, except claims for unemployment compensation;

(iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iv) any and all claims for monetary or equitable relief, including but not limited to, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Plaintiffs' execution of this Agreement.

(v)    Provided, however, that notwithstanding any other term or provision of this Agreement, the following claims, defenses and/or proceedings are not released and/or waived by this Agreement: (A) Plaintiffs' and/or Plaintiffs' counsel's claims against Defendants for attorney's fees and costs in connection with the Lawsuit are not waived, compromised and/or released but, instead, will be adjudicated by the Court; (B) claims and/or defenses relating to the Bronx County Civil Court landlord tenant proceeding, 311 Realty LLC v. Valerina Fernandez et al., Case No. LT-32754122/BX; (C) claims, interests, rights and/or defenses relating to 55 East 208th Street, Apartment 5F, Bronx, New York 10467, which the parties acknowledge is the residence of Fernandez and/or members of Fernandez' family pursuant to a lease; and/or (D) claims relating to the enforcement of this Agreement.

c.    The Parties shall not hereafter knowingly, directly or indirectly, commence, continue or assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Defendants and/or Defendants' successors, affiliates, officers and/or assigns, for any claims, unless directed by court order or subpoena.  If any of the Parties breaches this Section 3(c): said party shall be (i) responsible for reasonable attorney's fees incurred by the other Party as a result of said breach; and (ii) shall immediately pay back to the Company all monies paid to him under this Agreement.

d.    <u>Specific Release of ADEA and OWBPA Claims</u>.  To the extent any Plaintiff is over the age of forty (40) years of age, and in further consideration of the benefits provided to each Plaintiff in this Agreement, including but not limited to the Settlement Payment, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, Plaintiffs hereby acknowledge and confirm that they: (i) have read this Agreement in its entirety and understand all of its terms; (ii) has been advised of and availed themselves of their right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release and covenants contained herein; (iv) are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; (v) were given at least twenty-one (21) days to consider the terms

of this Agreement and consult with an attorney of his choice, although he may sign it sooner if desired; (vi) understands that they each have seven (7) days from the date they sign this Agreement to revoke the release in this paragraph by delivering notice of revocation to Emanuel Kataev, Esq. at 3000 Marcus Avenue, Lake Success, NY 11042-1073 by overnight delivery before the end of such seven-day period; (vii) understand that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which they sign this Agreement; and (viii) in entering into this Agreement, agree and acknowledge that they are not relying on any representation, promise or inducement made by the Company or its attorneys with the exception of those promises described in this Agreement.

       e.    This release and waiver of claims shall not be construed to impair Plaintiffs' right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement.  Nor does this release prohibit or bar Plaintiffs from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination.  Notwithstanding the foregoing, with respect to any Released Claims that cannot be released by private agreement, each Plaintiff agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiffs' behalf, either individually or as part of a collective action, by any governmental agency or other third party.

    4.    **Claims Released by Defendants.**  In exchange for Plaintiffs' execution, compliance with, and non-revocation of this Agreement, and for other good and valuable consideration, receipt of which is hereby acknowledged, Defendants irrevocably and unconditionally fully and forever waive, release and discharge each of the Plaintiffs from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of their execution of this Agreement, including, without limitation, any claims under any federal, state, local, or foreign law, that they may have, have ever had or may have in the future against Plaintiffs, including but not limited to those arising out of, or in any way related to Plaintiffs' employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Defendants have previously filed such a claim.

    5.    **Plaintiffs' Representations and Warranties**.  Each Plaintiff hereby represents, warrants, acknowledges, and affirms as follows, solely as to themselves:

       a.    Except as otherwise stated in this Agreement and/or claims for unemployment compensation, that he has not filed or permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Company with any local, state or federal court or administrative agency other than the Lawsuit and any action referenced in this Agreement;

       b.    That the monetary and non-monetary consideration provided by this Agreement adequately and fairly compensates him for all compensation,

wages, overtime payments, wage supplements, bonuses, commissions, leave, paid time off, and other employment-related benefits and that, as a result, they each have been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which they may be due for any reason;

c.     that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act (hereinafter the "FMLA"); and

d.     that he shall cause the Lawsuit to be dismissed with prejudice in accordance with this Agreement after the final determination of the unresolved issue of attorney's fees and costs; provided, however, that the Court shall exercise continuing jurisdiction to enforce and interpret this Agreement.

6.     **Other Actions**:

a.     Within ten (10) days after the Court's approval of this Agreement, the Company agrees to execute and file voluntary notices of discontinuance (or stipulations of discontinuance, as the case may be) with prejudice in the Rockland County Supreme Court Proceedings, in the forms attached hereto as Exhibit A.

b.     Within ten (10) days after the Court's approval of this Agreement, Fernandez will cause to be delivered and filed a stipulation discontinuing *with prejudice* the proceeding against 311 Realty LLC entitled <u>Valerie Trinidad Fernandez v. 311 Realty LLC</u>, Index No. SC-000186-22/BX (the "Small Claims Action"), which was filed in the Civil Court of the City of New York, County of Bronx. The foregoing stipulation of discontinuance is annexed hereto, and incorporated herein, as Exhibit B.

c.     Defendants acknowledge and agree that the discontinuance with prejudice of the Rockland County Supreme Court Proceedings is a material term of this Agreement, in the absence of which Fernandez and Trinidad would not enter into this Agreement. Fernandez acknowledges and agrees that the discontinuance with prejudice of the Small Claims Action is a material term of this Agreement, in the absence of which the Company would not enter into this Agreement.

7.     **Execution of the Agreement and Settlement Approval.** As soon as practicable after execution of the Agreement, the Parties shall jointly submit this Agreement to and move the Court for approval of this Agreement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void ab initio. In such case,

the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as though the Agreement had not been executed. Provided, however, that the parties shall negotiate, in good faith, to make such modifications to this Agreement as are reasonably required by the Court for the Court's approval of this Agreement.

8.     **Non-Admission of Wrongdoing.**     The Company denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, documents, or statements whatsoever by or on behalf of Plaintiffs against Defendants. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by the Company of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, the Company's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever. Plaintiffs deny all allegations of wrongdoing asserted by Defendants.

9.     **Breach of Agreement and Venue.**     Breach of any of the provisions of this Agreement by any Party to this Agreement shall be deemed a breach as to that party only. In the event of any such breach incurred as to that party only, the non-breaching Party affected by the breach shall be entitled to recover reasonable attorneys' fees incurred in obtaining that money and costs and injunctive relief, if so determined by a court of competent jurisdiction. Provided that this Court exercises continuing jurisdiction over this matter, any dispute over the terms of this Agreement shall be adjudicated by the United States District Court for the Southern District of New York, and the Parties consent to such jurisdiction and agree that venue in the United States District Court for the Southern District of New York would be proper and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum. If this Court does not exercise continuing jurisdiction, the parties agree that disputes regarding alleged breaches may be brought in the Supreme Court of the State of New York in any county where a party resides.

10.     **Severability and Modification**.  Provided that this Agreement is approved by the Court, if any provision of this Agreement is thereafter declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so.  If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

11.     **Non-Waiver.**  No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.

12.     **Headings**.  The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

13.    **Bona Fide Dispute**.  This Agreement is in settlement of disputed claims.  The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their claims in the Action and that the amount being paid to Plaintiffs, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

14.    **Multiple Counterparts.**  This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument.  A PDF, faxed and/or e-mailed version of this Agreement shall be effective and enforceable as if it was an original.

15.    **Representation by Counsel and Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto as to the Plaintiffs' claims, and fully supersedes any and all prior discussions, agreements or understandings between the Parties.  The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties.

16.    **Applicable Law.**  This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

17.    **Voluntary Agreement.**  By signing in the space provided below, each Party agrees and affirms that:

    a.    This Agreement is legally binding, and by signing it, each Party understands that they are he is giving up certain rights, including their his right to pursue any claims released by this Agreement against the Releasees from the beginning of time until the date of this Agreement;

    b.    No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce any Plaintiff to enter into this Agreement, and no Party has been forced or pressured in any way to sign this Agreement; and

    c.    Through this Agreement, each Party is releasing the other Party from any and all wage and hour claims that they  may have against each other in exchange for the Settlement Payment described herein, dismissal with prejudice of the Rockland County Supreme Court Proceedings, dismissal with prejudice of the Small Claims Action, and a mutual general release;

    d.    Each Party knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS AND COERCION AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.  THE PARTIES FURTHER ACKNOWLEDGE THAT EXCEPT AS STATED IN THIS AGREEMENT, NO PARTY HAS MADE ANY REPRESENTATIONS OR PROMISES. PLAINTIFFS ACKNOWLEDGE THAT THIS AGREEMENT HAS BEEN EXPLAINED TO THEM IN SPANISH.**

**62 REALTY, LLC**

By:_____          DATE: _____/_____/_____
    **Deanna Joy**
**Its: Managing Member**

**311 REALTY, LLC**

By:_____          DATE: _____/_____/_____
    **Deanna Joy**
**Its: Managing Member**

_____          DATE: _____/_____/_____
**Deanna Joy**

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF ROCKLAND)

    On the ____ day of _____, 2023 before me personally appeared Deanna Joy personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by her signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                    _____
                                    NOTARY PUBLIC

_____          DATE: _____/_____/_____
**James Frantz a/k/a Jim Frantz**

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF ROCKLAND)

     On the ____ day of _____, 2023 before me personally appeared James Frantz personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                              _____
                                              NOTARY PUBLIC

---

_____         DATE: _____/_____/_____
Nicholas De Jesus Herrera Sanchez


STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF             )

     On the ____ day of _____, 2023 before me personally appeared Nicholas De Jesus Herrera Sanchez personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                              _____
                                            NOTARY PUBLIC

_____     DATE: _____/_____/_____
Gilberto Trinidad

STATE OF        _____ )
                                                    ) ss.:
COUNTY OF                          )

    On the ____ day of _____, 2023 before me personally appeared Gilberto Trinidad personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

_____     DATE: _____/_____/_____
Jeremy Fernandez

STATE OF NEW YORK     )
                                            ) ss.:
COUNTY OF                      )

    On the ____ day of _____, 2023 before me personally appeared Jeremy Fernandez personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS AND COERCION AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.  THE PARTIES FURTHER ACKNOWLEDGE THAT EXCEPT AS STATED IN THIS AGREEMENT, NO PARTY HAS MADE ANY REPRESENTATIONS OR PROMISES.  PLAINTIFFS ACKNOWLEDGE THAT THIS AGREEMENT HAS BEEN EXPLAINED TO THEM IN SPANISH.

**62 REALTY, LLC**

By: _____    DATE: 3 / 3 / 23
Deanna Joy
Its: Managing Member

**311 REALTY, LLC**

By: _____    DATE: 3 / 3 / 23
Deanna Joy
Its: Managing Member

_____    DATE: 3 / 3 / 23
Deanna Joy

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF ROCKLAND)

   On the 2⁰ day of March, 2023 before me personally appeared Deanna Joy personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by her signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                        _____
                                        NOTARY PUBLIC

NEIL F. AGYIRI
Notary Public - State of New York
NO. 01AG6324731
Qualified in Rockland County
My Commission Expires May 11, 2023

_____    DATE: 03 / 03 / 2023
James Frantz a/k/a Jim Frantz

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ROCKLAND)

On the ____ day of _____, 2023 before me personally appeared James Frantz personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

_____                    DATE: 3 / 3 / 2023
Nicholas De Jesus Herrera Sanchez

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF New York )

On the 3rd day of March, 2023 before me personally appeared Nicholas De Jesus Herrera Sanchez personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

Marc A. Rapaport
Notary Public, State of New York
Reg. No. 02RA5029413
Qualified in New York County
Commission Expires June 20, 2026

14

*Gilberto Trinidad*          DATE: 3 / 2 / 33

Gilberto Trinidad

STATE OF _____ )

                               ) ss.:

COUNTY OF                   )

On the _02_ day of _March_, 2023 before me personally appeared Gilberto Trinidad personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                              NOTARY PUBLIC

_____          DATE: ____/____/____

Jeremy Fernandez

STATE OF NEW YORK     )

                              ) ss.:

COUNTY OF                   )

On the ____ day of _____, 2023 before me personally appeared Jeremy Fernandez personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                    _____

                                    NOTARY PUBLIC

_____     DATE: _____/_____/_____
Gilberto Trinidad

STATE OF _____ )
                                                        ) ss.:
COUNTY OF                          )

On the _____ day of _____, 2023 before me personally appeared Gilberto Trinidad personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

Jerry, F
_____     DATE: 3 / 2 / 2023
Jeremy Fernandez

STATE OF NEW YORK        )
                                                        ) ss.:
COUNTY OF New York )

On the 2nd day of March, 2023 before me personally appeared Jeremy Fernandez personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

Marc A. Rapaport
Notary Public, State of New York
Re. No. 02RA5029413
Qualified in New York County
Commision Expires June 20, 2022

NOTARY PUBLIC

15

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X

62 REALTY, LLC,

                Plaintiff,

       - against -

GILBERTO TRINIDAD,

                Defendant.

-----------------------------------------------------------------X

Index No.: 034984/2022

**STIPULATION OF
DISCONTINUANCE
<u>WITH PREJUDICE</u>**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for Plaintiff 62 REALTY, LLC and Defendant GILBERTO TRINIDAD, that the claims brought by and between these parties in the above-entitled action are discontinued with prejudice and without costs, expenses or attorneys' fees or other fees to any party as against the other.   The parties respectfully request that the Court deem facsimile copies as ribbon originals.

Dated: _____, New York
       March _____, 2023

Dated: New York, New York
March _____, 2023

**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Plaintiff*

**RAPAPORT LAW FIRM, PLLC**
*Attorneys for Defendant*

By: _____

    Emanuel Kataev
    3000 Marcus Avenue, Suite 3W8
    Lake Success, NY 11042-1073
    Ph: (516) 303-1395

By: _____

    Marc A. Rapaport
    80 Eighth Ave., Suite 206
    New York, New York 10011
    Ph: (212) 382-1600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------------------X
311 REALTY, LLC,

                         Plaintiff,

              - against -

JEREMY FERNANDEZ and VALERINA
FERNANDEZ a/k/a VALERIE FERNANDEZ,

                        Defendants.
----------------------------------------------------------------X

Index No.: 034986/2022

**STIPULATION OF
DISCONTINUANCE
WITH PREJUDICE**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the

attorneys of record for Plaintiff 311 REALTY, LLC and Defendants JEREMY FERNANDEZ

and VALERINA FERNANDEZ a/k/a VALERIE FERNANDEZ, that the claims brought by and

between these parties in the above-entitled action are discontinued with prejudice and without

costs, expenses or attorneys' fees or other fees to any party as against the other.   The parties

respectfully request that the Court deem facsimile copies as ribbon originals.

Dated: _____, New York
       March _____, 2023

**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Plaintiff*


By: _____
    Emanuel Kataev
    3000 Marcus Avenue, Suite 3W8
    Lake Success, NY 11042-1073
    Ph: (516) 303-1395

Dated: New York, New York
March _____, 2023

**RAPAPORT LAW FIRM, PLLC**
*Attorneys for Defendants*


By: _____
    Marc A. Rapaport
    80 Eighth Ave., Suite 206
    New York, New York 10011
    Ph: (212) 382-1600

# Exhibit B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

VALERIANA TRINIDAD FERNANDEZ,

                Plaintiff,

         - against -

311 REALTY, LLC,

                Defendant.
-----------------------------------------------------------------X

Index No.: SC-000186-22/BX

**STIPULATION OF**
**DISCONTINUANCE**
**WITH PREJUDICE**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for Plaintiff VALERIANA TRINIDAD FERNANDEZ and Defendant 311 REALTY, LLC, that the claims brought by and between these parties in the above-entitled action are discontinued with prejudice and without costs, expenses or attorneys' fees or other fees to any party as against the other.  The parties respectfully request that the Court deem facsimile copies as ribbon originals.

Dated: New York, New York
      March _____, 2023

                Dated: _____, New York
                March _____, 2023

**RAPAPORT LAW FIRM, PLLC**
*Attorneys for Plaintiff*

                **SMIKUN LAW**
                *Attorneys for Defendant*

By: _____

    Marc A. Rapaport
    80 Eighth Ave., Suite 206
    New York, New York 10011
    Ph: (212) 382-1600

                By: _____

                    Alan Smikun
                    176-25 Union Turnpike
                    Fresh Meadows, New York  11365
                    Ph: (718) 928-8820