UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GILBERTO TRINIDAD, JEREMY FERNANDEZ
and NICOLAS DE JESUS HERRERA SANCHEZ,

                     Case No. 22-cv-00101(JLF)(GWW)

             Plaintiffs,

      -against-

62 REALTY, LLC, 311 REALTY, LLC,
DEANNA JOY A/K/A DINA GRINSHPUN
and JIM FRANTZ,



             Defendants.
------------------------------------------------------------------X



**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR
ATTORNEYS' FEES AND COSTS**

RAPAPORT LAW FIRM, PLLC
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, NY  10011
(212) 382-1600


*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. III

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................... 3

    A.   PROCEDURAL HISTORY ........................................................................................... 3

        1.   *The Complaint, Answer, and Defendants' 1/6/22 Pre-Motion Letter* ......................... 3

        2.   *Plaintiffs' Motion to Dismiss the Counterclaims* ..................................................... 5

        3.   *The Aborted, Initial Settlement Conference* ............................................................ 7

        4.   *The Scheduling Order and Amended Complaint.* ...................................................... 7

        5.   *Plaintiffs' Preservation, Indexing and Production of Several Hundred Electronic Records, Including Texts and Photographs.* ...................................................................... 9

        6.   *Defendants' Resistance to Discovery.* ...................................................................... 9

ARGUMENT ........................................................................................................................ 12

    I. PLAINTIFFS ARE ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS UNDER THE FLSA AND NYLL ....................................................................................................................... 12

    II. PLAINTIFFS' COUNSEL'S HOURLY RATES AND TIME EXPENDED ARE REASONABLE .................. 14

    III. RLF'S HOURLY RATES ARE REASONABLE .......................................................................... 15

        *Hourly Rates Paid by RLF's Clients.* ........................................................................ 16

        *Policy Supports Awarding RLF Its Regular Hourly Rates* ......................................... 17

        *The Remaining Johnson Factors Favor the Requested Hourly Rates* .......................... 18

        *The Settlement is a Victory for Plaintiffs* .................................................................. 19

        *RLF Expended Reasonable Amounts of Time and Resources Prosecuting this Matter* ..... 19

        *Plaintiffs Are Entitled to Reimbursement of Costs Incurred in the Action* ................... 20

CONCLUSION ..................................................................................................................... 21

# TABLE OF AUTHORITIES

**CASES**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 .................................................................................................................... 14

*Beckman v. Keybank*, 293 F.R.D. 467, 477 ...................................................................................... 16

*Brown v. Green 317 Madison, LLC*, No. 11-CV-4466 (ENV), 2014 WL 1237448, at *5 ......................... 14

*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338–39 (1980) ........................................................ 16

*Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) ......................................................................... 18

*Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012) ............................................................ 11

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) .................................. 14

*Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ............. 11

*Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010) ...... 11, 16

*Lora v. J. V. Car Wash, LTD.*, No. 11 CIV. 9010 (AJP), 2015 WL 4496847, at *4 (S.D.N.Y. July 24, 2015) .................................................................................................................................... 13

*Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) .............................................................. 18

*Maldonado v. La Nueva Rampa, Inc.*, No. 10 CIV. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) ......................................................................................................... 18

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.2011) ..................................................... 13

*Montalvo v. ARKAR Inc.*, No. 17-CV-6693 (AJN), 2018 U.S. Dist. LEXIS 79667, at *5 (S.D.N.Y. May 9, 2018) .................................................................................................................................... 15

*Santillan v. Henao*, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011) .......................................................... 19

*Tacuri v. Nithin Constr. Co.*, No.14-CV-2908 (CBA)(RER), 2015 WL 790060, at *12 .......................... 14

**STATUTES**

29 U.S.C. § 201 ................................................................................................................................. 1

29 U.S.C. § 216(b) .................................................................................................................. 1, 11, 19

N.Y. Lab. Law § 195 ........................................................................................................................ 3

N.Y. Lab. Law § 663 (McKinney 2018) ................................................................................... 1, 11, 19

N.Y. Lab. Law § 198 (McKinney 2018) ................................................................................... 1, 11, 19

Plaintiffs, Gilberto Trinidad ("Trinidad"), Jeremy Fernandez ("Fernandez"), and Nicolas De Jesus Herrera Sanchez ("Herrera") (collectively, "Plaintiffs"), submit this Memorandum of Law in Support of their Application of Attorneys' Fees and Costs (the "Application") pursuant to the Court's Order dated March 8, 2023 and April 14, 2023 (Docket Nos. 101, 107). For the reasons below and those set forth in the accompanying Declaration of Marc Rapaport[1], the Application should be granted in its entirety.

## PRELIMINARY STATEMENT

Plaintiffs brought this action against Defendants for violations of the New York Labor Law §§ 190 *et seq.* ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). *See* Complaint, filed January 5, 2022 (Docket # 1) ("Compl."), and Amended Complaint, filed May 17, 2022 (Docket # 46) ("Am. Compl."). After fourteen months of litigation, the parties reached a settlement agreement, wherein Defendants agreed to pay Plaintiffs a total of $120,000.00 ("Settlement Payment"), and, as additional consideration, agreed to withdraw with prejudice their state court proceedings against Trinidad and Fernandez. *See* Settlement Agreement, filed March 3, 2023 (Docket # 99-1 and, for convenience, attached to the Rapaport Decl. as Ex. 1).

The Settlement Agreement did not resolve Plaintiffs' claims for attorneys' fees and costs under 29 U.S.C. § 216(b) (2018); N.Y. Lab. Law §§ 198(1–a), 198(1–d), 663 (McKinney 2018). Instead, the parties agreed that the amount of Plaintiffs' legal fees and costs would be adjudicated by the Court after the Court's approval of the Settlement Agreement. Settlement Agreement Art. 3(v). Plaintiffs now seek to recover attorneys' fees and costs in the total amount of $82,529.39, as justified below and recorded in the contemporaneous billing records of

---

[1] Citations to the "Rapaport Decl." refer to the Declaration of Marc Rapaport in Support of Plaintiffs' Application for Attorneys' Fees and Costs, with its annexed exhibits.

Rapaport Law Firm, PLLC ("RLF"). Rapaport Decl. Ex. 2. Receipts and/or documents substantiating Plaintiffs' counsel's disbursements are attached to the Rapaport Decl. as Ex. 3. Plaintiffs' counsel's engagement letters with each of the Plaintiffs are collectively attached to the Rapaport Decl. as Ex. 4. The foregoing, requested amount of $82,529.39 does not include the considerable time RLF devoted to efforts to negotiate an amicable resolution of this Application, and, thereafter, preparing this motion.

As discussed below, from the outset, this case presented unique challenges. Plaintiffs' counsel represented Plaintiffs, all of whom have extremely limited means, on a contingent basis. *See Id.* Plaintiffs' counsel bore considerable risk in prosecuting this case.  As explained below, the risk continued (indeed, it escalated) throughout the case. Notably, Defendants interposed two counterclaims (each demanding $400,000) against Trinidad, which they subsequently withdrew after Plaintiffs filed a motion to dismiss. Then, on November 23, 2022, approximately two weeks before the scheduled settlement conference before Magistrate Judge Gorenstein, Defendants commenced two state court proceedings demanding hundreds of thousands of dollars against Trinidad and Fernandez. Throughout this proceeding, Plaintiffs struggled to obtain discovery, and faced scorched earth tactics on the part of Defendants.

Defendants denied having ever employed Herrera, even though he was the full-time porter of 3060 Decatur Avenue ("3060 Decatur"), where he had makeshift basement sleeping quarters. *See* Joint Letter to Court dated September 30, 2022 (Docket # 53).  Defendants claimed to have lost their text messages with and/or relating to Plaintiffs, despite having used texts to

communicate with Trinidad and Fernandez for nearly six years.[2] *See* Defendants' counsel's letter

to the Court, dated November 21, 2022, at p. 3 (Docket # 73).

Given the foregoing, many law firms might have rejected this case as too risky.

Particularly with respect to Herrera, Plaintiffs' counsel was forced to piece together, from

disparate fragments, proof of Herrera's employment. The pieces of this puzzle included

handwritten statements from tenants; a video recording showing Herrera cleaning the lobby of

3060 Decatur; a handful of check stubs; and a text message extracted from Trinidad's cell phone.

Through time-consuming work and attention to detail, Plaintiffs' counsel built a compelling case

that discredited Defendants' professed ignorance of Herrera's work at 3060 Decatur. Yet,

Herrera's claims still precariously rested on testimony and piecemeal proofs.

This case is a perfect archetype of the types of claims that the FLSA and NYLL were

intended to foster. Plaintiffs, who are the most marginalized of workers, faced severe

intimidation. Without fee shifting, it would be impossible for RLF to represent Plaintiffs and

other severely marginalized workers.

## BACKGROUND

Plaintiffs respectfully refer the Court to the Rapaport Declaration for a full recitation of

the facts and procedural history relevant to this Application.

### A.  Procedural History.

### 1.  The Complaint, Answer, and Defendants' 1/6/22 Pre-Motion Letter.

Plaintiffs brought this action on January 5, 2022.  *See* Compl.  All of the Plaintiffs sought

damages for unpaid overtime wages under the FLSA and NYLL, and statutory penalties under

state law (NYLL § 195) for Defendants' failure to provide wage notices and wage statements.  *Id.*

---

[2]Immediately upon being retained, Plaintiffs' counsel immediately retained a consultant to extract and preserve all work-related communications on Trinidad's and Fernandez' cell phones. The crucial importance of these ESI measures became particularly apparent toward the end of the case, when Defendants alleged that they had no texts.

Herrera also asserted minimum wage claims under the NYLL.  *Id.* at ¶¶ 76-81.  Subsequently, Plaintiffs filed their Amended Complaint, wherein Trinidad and Fernandez asserted an additional cause of action for untimely payment of wages.  *See* Am. Compl. ¶¶ 94, 126-131.

On January 6, 2022, the Court (Honorable Jesse M. Furman, U.S.D.J.) entered an Order directing both a settlement conference and an initial pre-trial conference.  *See* Order Regarding Early Settlement Conference and the Initial Pretrial Conference, filed January 6, 2022 (Docket No. 11). The foregoing Order directed the parties to contact the chambers of the assigned Magistrate Judge, the Honorable Gabriel W. Gorenstein, U.S.M.J., to schedule a settlement conference to take place at least two weeks before the initial settlement conference, which, in turn, was scheduled for April 26, 2022.  *Id.* Judge Furman also directed the parties to exchange pre-mediation discovery and to submit a joint-letter and proposed case management plan prior to the initial pre-trial conference. *Id.*

Defendants filed an Answer containing twenty-four affirmative defenses and two Counterclaims (the "Counterclaims").  *See* Answer, filed February 9, 2022 (Docket No. 17) ("Answer"). Defendants' Counterclaims each sought damages of "not less than $400,000" against Trinidad. Answer ¶¶ 140, 147. Six days later, Defendants filed a letter motion voicing Defendants' opposition to the Court-ordered settlement conference. *See* Defendants' Letter Motion, dated February 15, 2022 (Docket No. 20) ("Defs. 2/15/22 Motion").  Defendants wrote, "This firm believes that this action will not benefit from an early settlement conference at this time." *Id.*  Defendants appeared to suggest (although it was not entirely clear from their letter) that their opposition to a settlement conference stemmed from unresolved issues relating to Defendants' (subsequently withdrawn) counterclaims.  *Id.* Defendants also signaled their

4

intention to file a motion to dismiss the Complaint, ostensibly for its allegedly deficient allegations regarding Defendants' engagement in interstate commerce. *Id.*

Plaintiffs opposed Defendants' motion, arguing that "an early settlement conference is appropriate, and it should not be cancelled." *See* Rapaport Letter in Opp to Defs. Motion, dated February 17, 2022 (Docket No. 22). Pursuant to Judge Furman's Order dated February 16, 2022 (Docket No. 21), the parties appeared for a virtual conference before Judge Furman on February 18, 2022. Judge Furman denied Defendants' motion and directed the parties to proceed with the Court-ordered settlement conference.

### 2. Plaintiffs' Motion to Dismiss the Counterclaims.

On March 4, 2022, Plaintiffs moved under FRCP 12(b)(1) to dismiss Defendants' two Counterclaims, which each sought damages of $400,000 against Trinidad. Docket Nos. 28 – 29. Plaintiffs argued that Defendants' Counterclaims were neither compulsory nor sufficiently related to Plaintiffs' FLSA claims for the Court to appropriately exercise supplemental jurisdiction. *See* Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction, dated March 4, 2022 (Docket No. 29). Approximately three weeks later, Defendants filed an Amended Answer without any counterclaims, thus mooting Plaintiffs' foregoing motion. *See* Am. Answer, filed on March 25, 2022 (Docket No. 31). By that time, Plaintiffs' counsel had already been forced to prepare and file the motion to dismiss the counterclaims.

In their Amended Answer, Defendants increased their number of affirmative defenses from twenty-four to twenty-seven. Among other defenses, Defendants averred that: Plaintiffs claims were moot; Plaintiffs were "not employees;" and "Plaintiffs are exempt from FLSA's minimum wage and overtime requirements." *See* Am. Answer ¶¶ 111, 117, 120.

### 3.  The Aborted, Initial Settlement Conference.

The settlement conference was scheduled to be held on April 11, 2022 before Magistrate Judge Gorenstein. *See* Order Scheduling Settlement Conference, filed February 25, 2022 (Docket # 24). The parties exchanged pre-mediation discovery, including, on the part of Plaintiffs, a week-by-week damages spreadsheet and approximately 270 pages of documents, including large numbers of text messages between the parties and check stubs that specifically referenced Herrera. Defendants' document production was sparse.  Although Defendants *claimed* that they had time records, they did not produce any of them before the settlement conference.

On March 29, 2022, Plaintiffs conveyed a settlement demand, which Defendants rejected without making any counter-offer. On April 5, 2022, the parties filed and exchanged their respective pre-settlement conference statements. The following day, on April 6, 2022, the Chambers of Magistrate Judge Gorenstein emailed counsel for all parties, directing Defendants to convey their response to Plaintiffs' settlement demand.  Judge Gorenstein further instructed the parties to consult with each other about the utility of a settlement conference if Defendants continued to take a no-pay position.

On April 7, 2022, Defendants renewed their prior motion to adjourn the settlement conference *sin die*. *See* Defendants' Letter Motion dated April 7, 2022 (Docket # 37). Defendants explained they needed "additional time to provide some additional discovery" and that "one of the named Plaintiffs' allegations of being an employee of the Defendants is being contested." *Id*. at p. 2.

### 4.  The Scheduling Order and Amended Complaint.

Pursuant to Judge Furman's January 6, 2022 Order (Docket # 11), in advance of the initial case management conference, the parties submitted a joint letter summarizing their

positions. See joint pre-conference letter, dated April 21, 2022 (Docket # 42). In Defendants'

portion of the joint letter, Defendants continued to deny that Herrera had been their employee. *Id.*

at p. 2.  Defendants also repeated their argument that the Complaint did not sufficiently allege

facts showing that Defendants were an enterprise engaging in interstate commerce.  *Id*. at p. 4.

In Plaintiffs' portion of the joint letter, Plaintiffs drew attention to the important role of

electronic communications and records (ESI) in this proceeding.  In this regard, Plaintiffs' wrote:

> Plaintiffs have advised Defendants of their belief that discovery of
> electronically stored information (ESI) will be particularly important in
> this case.  In part, this is due to Defendants' position that they are
> completely unfamiliar with Herrera-Sanchez.  Plaintiffs believe there are
> text messages that refer to Herrera-Sanchez. Plaintiffs believe that
> Defendant[s'] accounting software and other programs relating to the
> management of the Buildings are likely to have relevant information.

*Id.* at p. 5.

Plaintiffs highlighted the need to preserve electronic communications at the earliest stage

of these proceedings because of Plaintiffs' counsels' experience in prior litigation where (as

here) defendants implausibly denied having any employment relationship with a former

employee. Plaintiffs' counsel's concerns were proved prescient in the fall of 2022, when

Defendants claimed they no longer had text messages, having allegedly replaced all three cell

phones they used.

Judge Furman ordered the parties to complete fact discovery by September 12, 2022.  *See*

Civil Case Management Plan and Scheduling Order, filed April 24, 2022 (Docket # 44).

Plaintiffs filed their First Amended Complaint on May 13, 2022. *See* Am. Compl.

(Docket # 45).   In an effort to forestall Defendants' threatened motion to dismiss, Plaintiffs

added eight paragraphs setting forth examples of supplies and materials that traveled in interstate

commerce.  *See Id.* ¶¶ 41–48.  Plaintiffs also added more detailed allegations of the overtime

work performed by Trinidad (*Id.* ¶¶ 71-74) and Fernandez (*Id.*,¶¶ 81-86); additional facts relating to an extensive fire damage project Trinidad and Fernandez performed (*Id.* ¶¶ 88-94); and a new cause of action under NYLL § 191(1) for untimely payment of wages.  *Id.* ¶¶ 126-131.

Defendants answered the Amended Complaint on June 2, 2022.  *See* Answer to Am. Compl., filed on June 2, 2022 (Docket # 47).

### 5.   Plaintiffs' Preservation, Indexing and Production of Several Hundred Electronic Records, Including Texts and Photographs.

Preserving relevant electronic communications takes on a particular significance in wage cases involving immigrant, low-wage workers, who rarely have formal time records. Moreover, all litigants are required to preserve ESI.  FRCP § 37(e).

RLF spent a great deal of time to ensure that crucial ESI extracted from Trinidad's and Fernandez' cell phones was preserved, organized and indexed. These materials were the lynchpin of Plaintiffs' case.  Plaintiffs' document production spanned 915 pages.  The importance and volume of these materials is suggested by the index of Plaintiffs' document production. *See* Rapaport Decl. Ex. 5. The time devoted by RLF's paralegal, Karina Gulfo ("Ms. Gulfo") on discovery reflects the careful attention RLF paid to locating and organizing relevant communications and records.[3]  The process was painstaking, but ultimately led to the successful settlement of this case.

### 6.   Defendants' Resistance to Discovery.

Defendants' responses to Plaintiffs' Interrogatories and Document Demands were incomplete and riddled with frivolous objections.  *See* Defendants' Responses to Interrogatories

---

[3]Ms. Gulfo devoted approximately 40 hours to Plaintiffs' ESI/document discovery from February through November 2022.  *See* RLF History Bill (Rapaport Decl. Ex. 2).  The production included hundreds of text messages spanning years.

dated June 28, 2022 (Rapaport Decl. Ex. 6 and ECF # 50-2) and Defendants' Responses to

Plaintiffs' First Notice to Produce dated July 8, 2022 (Rapaport Decl. Ex. 7 and ECF # 50-3).

Defendants refused to provide responsive answers to even the most plainly

unobjectionable interrogatories. Solely by way of example:

- Interrogatory No. 3 asked Defendants to identify documents that describe, state or relate to the method by which Plaintiffs' wages were calculated. Plaintiffs Interrogatories, No. 3 Defendants rotely objected that this request was "overly broad, unduly burdensome, vague, and not relevant to any claim or defense or proportional to the needs of the case." Defs. Interrogatory Resps., ECF 50-2 and Rapaport Decl. Ex. 6.

- Interrogatory No. 12 asked Defendants to identify any notices they provided to Plaintiffs regarding their duties, rates of pay, non-wage credits toward wages, and more. Defendants responded with a one-sentence boilerplate objection. *Id.*

- Interrogatory No. 19 asked Defendants to identify communications "relating to the number of hours worked, and/or work schedule, of any of the Plaintiffs. Defendants responded with a list of boilerplate objections, without more. *Id.*

Defendants' document production was similarly incomplete. Even though Defendants

communicated on a daily basis with Fernandez and Trinidad via text, Defendants implausibly

averred they possessed no text messages or emails relating to Plaintiffs. *See* Defendants'

counsel's letter to the Court, dated November 21, 2022, at p. 3 (Docket # 73). Similarly, in

response to document request no. 28, where Plaintiffs' requested documents identifying the

number of units in the buildings where Plaintiffs worked, Defendants objected that this request

was "not relevant to any claim or defense." Rapaport Decl. Ex. 7. This objection was particularly

frivolous because Defendants asserted, as one of their defenses, that defendants were exempt by

virtue of the NYLL's janitor exemption, which hinges on a per-unit rate of pay.

On July 29, 2022,  Plaintiffs issued an itemized deficiency letter to Defendants' counsel. See Letter of Marc Rapaport to Defendants' counsel dated July 29, 2022 (Rapaport Decl. Ex.  8 and Docket # 50-1.)

Thereafter, Plaintiffs requested a conference pursuant to Local Rule 37.2.  Docket # 50. Counsel for all parties appeared for a virtual discovery conference before the Honorable Jennifer L. Rochon, U.S.D.J., on October 20, 2022. Docket Nos. 58, 61.  At the conference, Judge Rochon ordered Defendants to, *inter alia*: (a) provide substantive responses to interrogatory nos. 2, 3, 9, 10, 12, 16, 18, and 19; and (b) produce communications transmitted by and/or on behalf of Defendants to Plaintiffs, and documents referring to Plaintiffs regarding work duties, methods of pay, and hours worked.  Rapaport Decl. ¶  39.

Trinidad's full-day deposition took place on November 28, 2022. Both before and during Trinidad's deposition, Defendants engaged in conduct that necessitated rulings by the Court.  On November 25, 2022, Defendants sent a lengthy letter to the Court asking the Court to so-order a deposition schedule that was inconsistent with what the parties had discussed. *See* Defendants' letter to the Court dated November 25, 2022 (Docket # 78). Defendants then filed a reargument motion before Plaintiffs had the chance to respond. *See* Defendants' letter to the Court dated November 28, 2022 (Docket # 80). Plaintiffs' counsel was forced to set the record straight (*see* Rapaport letter to Court, dated November 28, 2022 (Docket # 81).

Approximately twenty minutes after Trinidad's deposition began, Plaintiffs' counsel observed that the deposition was being surreptitiously observed by Defendants through a remote video feed.  *See* relevant pages of the transcript of Gilberto Trinidad's Deposition, November 28, 2022 ("Trinidad Tr."), 16:13 – 31:13 (Rapaport Decl. Ex. 8.) Yet, only days earlier, Defendants had  explicitly  demanded  sequestration  (*i.e.*, that  neither  Herrera  nor  Fernandez  attend  the

deposition). As reflected by the Trinidad deposition transcript, the Court, having heard from counsel for all parties, ruled, "no parties are attending this particular deposition unless you can get all parties on[.]" *Id.* at 20:17 – 31:18. The Trinidad deposition lasted until 8:06 p.m. *Id.* at 213:8.

Simply put, Defendants engaged in conduct that made every aspect of this case challenging.

## ARGUMENT

### I.      Plaintiffs are Entitled to Recover Attorneys' Fees and Costs under the FLSA and NYLL

The FLSA and NYLL are remedial statues designed to protect low-wage workers. Attorneys who represent these workers "must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Khait v. Whirlpool Corp*., No. 06 Civ. 6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010). Accordingly, courts in an FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, the NYLL requires courts to award "all reasonable attorney's fees." N.Y. Lab. Law §§ 198(1–a), 198(1–b), 198(1–d), 663(1); see also *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012) ("Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiffs] to recover . . . reasonable attorneys' fees and costs.").

A plaintiff is a prevailing party for purposes of FLSA and NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (quoting *Black v. Nunwood, Inc.*, No. 1:13-cv-7207-GHW, 2015 U.S. Dist. LEXIS 56609, at *3 (S.D.N.Y. Apr. 30, 2015)).

Here, through a settlement conference before Magistrate Judge Gorenstein, Plaintiffs achieved a settlement of $120,000 (apportioned equally among the three Plaintiffs), even though Defendants claimed that Trinidad and Fernandez were exempt under both the FLSA and NYLL, and denied that Herrera worked for them. *See* Settlement Agreement.  Crucially, Defendants also agreed to withdraw with prejudice their lawsuits against Trinidad and Fernandez, wherein Defendants demanded compensatory damages of $500.000 against Fernandez (311 Realty, LLC v. Jeremy Fernandez and Valerina Fernandez a/k/a Valerie Fernandez, Rockland Cty. Supr. Crt. Index No. 034986/2022) and unspecified damages against Trinidad (62 Realty, LLC v. Gilberto Trinidad, Rockland Cty Supreme Crt. Index No. 034984/2022), plus "repayment of all wages," "punitive damages," and "reasonable attorney's fees." Defendants' Rockland County Summons with Notice against Fernandez is attached to the Rapaport Decl. as Ex. 11. Defendants' Rockland County Summons and Complaint against Trinidad is attached to the Rapaport Decl. as Ex. 12. Therefore, assuming that Defendants alleged the same amount of damages against Trinidad as they demanded against Fernandez, Defendants released Trinidad and Fernandez from lawsuits that, according to Defendants, had a value of $1,000,000, excluding Defendants' claims for disgorgement and legal fees. Therefore, total consideration received by Plaintiffs under the Settlement Agreement has a value of at least $1,120,000.00.

The parties did not resolve the issue of the amount of Plaintiffs' claims for attorneys' fees and costs, which were deferred for determination by the Court.

The amount requested is based on the following:

| Rapaport Law Firm | Position | Hours | Rate | Total |
|---|---|---|---|---|
| Marc Rapaport | Principal Attorney | 141.6 | $450 | $63,720.00 |
|  |  | 1.1 | $0 | $0 |
| Marcela Cabezas-Rapaport | Paralegal | 18.4 | $115 | $2,116.00 |
| Karina Gulfo | Legal Assistant | 93.1 | $115 | $10,706.50 |

13

| | | 4.8 | $0 | $0 |
| Joselin Orellana | Legal Assistant | 11 | $95 | $1,045.00 |
| **Costs and Disbursements** | | | | $4,941.89 |
| TOTAL | | | | *$82,529.39* |

The foregoing does not include time expended in Plaintiffs' counsel's attempts to reach an amicable resolution of this request with Defendants' counsel. Nor does the foregoing include time spent researching, drafting and preparing this motion, which we estimate will ultimately entail at least 12 hours of time by Marc Rapaport and 6 hours by Ms. Gulfo.   Rapaport Decl. ¶ 52.

## II.  Plaintiffs' Counsel's Hourly Rates and Time Expended Are Reasonable

In determining the amount recoverable as attorneys' fees, "'the typical starting point is the so-called lodestar amount, that is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Lora v. J. V. Car Wash, LTD*., No. 11 CIV. 9010 (AJP), 2015 WL 4496847, at *4 (S.D.N.Y. July 24, 2015), report & rec. adopted sub nom. *Lora v. J.V. Car Wash, Ltd*., No. 11-CV-9010, 2015 WL 7302755, at *1 (S.D.N.Y. Nov. 18, 2015) (quoting *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007)); *Torres v. Gristede's Operating Corp*., No. 4 Civ. 3316 (PAC), 2012 WL 3878814, at *1 (S.D.N.Y. Aug. 6, 2012), aff'd, 519 Fed. App'x. 1 (2d Cir. 2013) ("[C]ourts must consider "(1) the number of hours actually spent by counsel and other personnel 'that are deemed reasonably necessary to a successful outcome for the client,' and (2) a reasonable hourly rate for counsel."). "Both the Second Circuit and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.2011) (citation omitted).

14

### III.  RLF's Hourly Rates Are Reasonable

A "reasonable hourly rate" is the "rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections* ("*Arbor Hill*"), 522 F.3d 182, 190 (2d Cir. 2008); *Tacuri v. Nithin Constr. Co.*, No.14-CV-2908 (CBA)(RER), 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015).  To determine the  reasonable hourly rate under the lodestar approach, courts look "to the  rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'"  *Tacuri*, 2015 WL 790060, at *12 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).  Furthermore, in determining the reasonable hourly rate, courts must also consider "all of the case-specific variables that [may be] relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," including, but not limited to, the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186. "In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with rates generally charged." *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466 (ENV), 2014 WL 1237448, at *5 (E.D.N.Y. Feb. 4, 2014), report and rec. adopted, No. 11-CV-4466 (ENV)(CLP), 2014 WL 1237127, at *1 (E.D.N.Y. Mar. 25, 2014).

### *Hourly Rates Paid by RLF's Clients.*

RLF's clients actually pay for the firm's legal services at the full hourly rates (indeed typically at higher rates) set forth in this Application.  *See* Rapaport Decl. Ex. 10.  The redacted retainer agreements attached to the Rapaport Declaration include: (a) retainer agreement dated August 11, 2022, which involved defense of a discrimination claims; (b) retainer agreement dated March 14, 2022, which involved defense of access claims under the ADA and NYSHRL; (c) retainer agreement dated August 26, 2022, which involved defense of access claims under the ADA and NYSHRL; (d) retainer agreement dated March 14, 2021, which involved a commercial contract dispute; (e) retainer agreement dated February 25, 2019, which involved defense of NYSHRL/ADA claims; (f) retainer agreement, dated November 22, 2022, involving defense of wage and hour claims.  In each of the foregoing matters except one, Marc Rapaport was retained at $500.00 hour. The only exception was where his agreed-upon rate was $450.00 per hour.  *Id.* RLF generally bills Karina Gulfo at $125 to $150 per hour.  *Id.* This is amply justified by her litigation skills and experience.

The reasonableness of RLF's requested rates is also reflected by decisions approving RLF's requested legal fees in prior cases.  *Montalvo v. ARKAR Inc.*, No. 17-CV-6693 (AJN), 2018 U.S. Dist. LEXIS 79667, at *5 (S.D.N.Y. May 9, 2018) (describing Marc Rapaport's billing rate of $400.00 as "reasonable for this district").  Notably, nearly five years have elapsed since the *Montalvo* case.   Since then, RLF has handled dozens of FLSA and NYLL matters, including collective and class actions involving settlements of $7.4 Million (*Contrera v. Langer*, S.D.N.Y. Case No. 16-CV-03851 (LTS) (GWG)); $451,500 (*Liz v. 5 Tellers Associates, L.P. et al.*, E.D.N.Y. Case No. 20-CV-212 (RER); and   $375,000 (*Quispe et al. v. Mec General*

*Construction Corp.*, *et al.*, E.D.N.Y. Case No. 18-cv-773 (WFK)(PK)).  We believe that $450.00 is, quite simply, reasonable for an attorney with approximately 30 years of experience.

Typically, judges have approved RLF's requested legal fees without specifically approving and/or disapproving our lodestar rates. *See, e.g.*, *Liz et al. v. 5 Tellers Associates, L.P.*, No. 20-cv-212 (RER) (E.D.N.Y. Dec. 27, 2022) (approving Cheeks application where RLF and co-counsel requested legal fees based on $450.00 per hour lodestar, without specifically addressing the hourly rate); *Pena v. Manhattan Oral Facial Surgery, LLC*, No. 17-CV-1611(BCM), 2018 U.S. Dist. LEXIS 151314, at *2 (S.D.N.Y. Aug. 30, 2018); *Contrera v. Langer*, No. 16-CV-03851 (LTS) (GWG), 2021 U.S. Dist. LEXIS 143317, at *12 (S.D.N.Y. July 28, 2021) (granting attorneys' fees to RLF and co-counsel in the total amount of $2,298,820.10); *Colon v. 3530 Equities LLC*, No. 22-CV-1896 (OTW), 2022 U.S. Dist. LEXIS 216966, at *5 (S.D.N.Y. Dec. 1, 2022); *Feliz v. Parkoff Operating Corp.*, 2018 U.S. Dist. LEXIS 51572, at *8 (S.D.N.Y. Mar. 27, 2018); and *MEC General Construction Corp., et al.*, 18-cv-00773 (E.D.N.Y., Nov. 4, 2021).

### *Policy Supports Awarding RLF Its Regular Hourly Rates*

Public policy supports approval of RLF's actual hourly rates. The FLSA and NYLL are remedial statutes designed to protect low-wage workers.   The purpose of private lawsuits, such as the one here, is to encourage "private attorney[s] general" to seek redress for violations and discourage future misconduct against low-wage workers. *See, e.g., Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338–39 (1980); *Beckman v. Keybank*, 293 F.R.D. 467, 477 (S.D.N.Y. 2013); *Khait*, 2010 WL 2025106, at *8 ("Attorneys who fill the private attorney general role must be adequately compensated for their efforts.  If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk.").

Plaintiffs are low-wage, immigrant workers who fall squarely within the class of workers the FLSA and NYLL are intended to protect.

### The Remaining Johnson Factors Favor the Requested Hourly Rates

The remaining *Johnson* factors favor granting the Application. The time and labor required to litigate this matter increased significantly due to Defendants' arguments that Trinidad and Fernandez were allegedly independent contractors and/or exempt from overtime requirements and that Herrera was never their employee.

RLF is particularly experienced with overtime claims, like the claims of Plaintiffs here, brought by superintendents and porters of residential buildings in New York City. *Armas et al. v. SKYC Management LLC et al.*, 14-cv-6360 (SDNY); *Castillo et al. v.140 Ash Associates, LLC, et al.*, 16-cv-5216 (EDNY); *Deleg v. Croman Real Estate, Inc. et al.,* 16-cv-07762 (SDNY); *Contrera, et al. v. Langer, et al,* 16-cv-03851 (SDNY); *Flores, et al. v. Claremont Properties. LLC, et al.*, 17-cv-001316 (SDNY); *Feliz v. Parkoff Operating Corp., et al.*, 17-cv-07627 (SDNY); *Amadis v. New Castle Realty Servs., et al*, 17-cv-06693 (SDNY); *Montalvo, et al. v. Arkar, Inc. et al*, 17-cv-06693 (SDNY); *Romero v. 1829 Realty Associates, LLC et al.*, 17-cv-00662 (EDNY); *Mercedes v. Claremont Properties,* 18-cv-01268 (SDNY); *Valdovinos v. 9300 Realty Management Inc., et al.*, 18-cv-2102 (SDNY); *Ramirez v. Superior One Management Corp., et al.*, 19-cv-02287 (SDNY); *De La Rosa v. Chestnut Holdings of New York, Inc., et al.*, 19-cv-00286 (SDNY); *Ramirez v. Superior One Management Corp.*, 19-cv-02287 (SDNY); *Luna v. Marquis Realty Inc.,* 19-cv-01709 (SDNY); *Martinez, et al. v. Barberry Rose Mgmt Co., Inc., et al.*, 19-cv-06744 (EDNY); *Campos v. Aegis Realty Management Corp.*, 19-cv-02856 (SDNY); *Liz, et al. v. 5 Tellers Associates, L.P., et al*, 20-cv-00212 (EDNY); *Artiles v. Superior One Management Corp.*, 20-cv-1809 (SDNY); *Pichardo v. United Chelsea, LLC, et al.* 20-cv-

4706 (SDNY); *Ramirez v. Arbeni Management Company, Inc.*, 21-cv-2759 (SDNY); *Acosta v. Superior One Management Corp.*, 21-cv-1163 (SDNY); *De la Cruz v. Arbeni Management Company, Inc.*, 22-cv-00979 (SDNY); *Gomez, et al. v. Carroll Flats LLC*, 22-cv-01493 (EDNY).

### The Settlement is a Victory for Plaintiffs

Plaintiffs reached a settlement that provides them with $120,000 (split equally among them) (Settlement Agreement Art. 2.1, 2.2 and 2.3), plus the dismissal with prejudice of Defendants' lawsuits in Rockland County (Settlement Agreement Art. 2(a), Art. 6, and Ex. A), wherein Defendants' sought at least $1,000,000 in combined damages against Trinidad and Fernandez, plus disgorgement of wages, legal fees and punitive damages. The Settlement Agreement relieved Trinidad and Fernandez of the burden of defending against the Rockland County proceedings, as well as the risk of losing those cases. By any measure, Plaintiffs' recovery was a resounding success.

It bears noting that at the early stages of this case, Defendants adamantly opposed participating in settlement conferences.

### RLF Expended Reasonable Amounts of Time and Resources Prosecuting this Matter

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Maldonado v. La Nueva Rampa, Inc.*, No. 10 CIV. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quotation marks and citation omitted). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Throughout this action, Defendants have repeatedly delayed compliance with discovery requests and avoided settlement discussions, resulting in motion practice and other work that would have otherwise been unnecessary.

Defendants, through their litigation strategy, elected to litigate virtually every issue they could seize upon.  As set forth above, Defendants: (a) interposed counterclaims over which this Court could not have appropriately exercised supplemental jurisdiction, which they refused to withdraw until after Plaintiffs filed their motion to dismiss (Docket Nos. 28, 29); asserted 27 affirmative defenses (Docket No. 47); (b) filed two motions to indefinitely delay settlement conferences (Docket Nos. 20, 36); (c) declined to respond to eight out of twenty-five interrogatories until the Court ordered Defendants to provide substantive responses on November 23, 2022; (d) filed a motion to dismiss on the pleadings eleven months after this case was commenced (Docket Nos. 65 – 66); and (e) filed further specious motions on November 25, 2022 (Docket # 79); November 28, 2022 (Docket # 80); January 19, 2023 (Docket # 88).   Some of Defendants' positions were beyond the pale of reasonableness, such as (for example) their assertion that all three Plaintiffs were exempt from the FLSA's overtime requirements and that Trinidad and Fernandez were employees rather than independent contractors;

### *Plaintiffs Are Entitled to Reimbursement of Costs Incurred in the Action*

As the prevailing parties in an FLSA and NYLL action, Plaintiffs are entitled to recover reasonable "costs of the action."  29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1–a), 663; *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA . . . is entitled to recover costs from the defendant.").

Plaintiffs seek reimbursement of costs that RLF incurred in court filings, a deposition, service of process, translation services, interpreter costs, transcript/court reporter fees, and ESI preservation, as documented in the Rapaport Declaration.

**CONCLUSION**

For all of the foregoing reasons and those explained in the accompanying Rapaport Declaration, Plaintiffs Gilberto Trinidad, Jeremy Fernandez and Nicolas de Jesus Herrera Sanchez respectfully request that the Court award them attorneys' fees in the amount of $77,587.50 and costs of $4,941.89, for a total of $82,529.39.

Dated:  New York, New York                        Respectfully submitted,
       April 25, 2023

                                               _____/s/_____
                                               Marc A. Rapaport
                                               Rapaport Law Firm, PLLC
                                               80 Eighth Avenue, Suite 206
                                             New York, NY  10011
                                             Ph: (212) 382-1600
                                             mrapaport@rapaportlaw.com

                                             *Counsel for Plaintiffs*