# Retainer Agreement dated August 11, 2022, Regarding Defense of a Discrimination Matter

Rapaport Law Firm, PLLC | Attorneys at Law | 80 Eighth Avenue | Suite 206 | New York, NY 10011 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

# Rapaport Law Firm

Marc A. Rapaport*
Tel (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

August 11, 2022

**Via Email:** ███████████████████████
████████████████████████████

        **Re:**   **Retainer Agreement**
               **Matter:** ████████████████████████████████

Dear ██████,

      I very much appreciate your decision to retain my firm to represent you with respect to ████████████████████████████████ When taking on a new legal representation, I have found that it is important to express as clearly as possible the legal services that my office will provide. For that reason, and also because ethics rules require me to put certain information in a written agreement with clients, I have prepared this letter. The words "you," "your," and "yours" in this agreement shall refer to ██████ "I," "We," "ours" and "us" refer to Rapaport Law Firm, PLLC.

## BACKGROUND

      You have asked us to represent and defend you in connection with ████████████████████████████████████████████████████████

## LEGAL FEES, COSTS AND BILLING

      We shall bill you on a monthly basis for professional services on a time expended basis at the following hourly rates:

          (a) Marc A. Rapaport, Partner: $500/hour
          (b) Meredith R. Miller, Of-Counsel: $500/hour
          (c) Karina Gulfo, Paralegal: $150.00/hour

███████

August 11, 2022
Page 2

You will be responsible for all costs and disbursement items (such as telephone, photocopying (0.25 per page for in-house copies), court costs, filing fees, research fees (Lexis/Nexis), and similar items) incurred in connection with this engagement.

Under our normal billing procedures, we will submit invoices to you on a monthly basis. Invoices are due and payable within twenty (20) days after receipt. You understand that it is impossible, at this time, to predict the total amount of the legal fees that you may incur. Nor can we predict the outcome of this matter.

To commence work on this matter, we will require an advance retainer payment in the amount of $6,500.00 by check payable to "Rapaport Law Firm, PLLC" or by wire transfer. This sum shall be applied to any monthly invoices on an ongoing basis with any balance to be returned to you after completion and final payment with respect to the engagement. It is agreed and understood that no attorney/client relationship shall exist until the initial retainer is paid in full. The total legal fees and costs may exceed $6,500.00.

You have an absolute right to cancel this Retainer Agreement at any time. Should you exercise this right, you will be charged only the fee expenses incurred within that period, based on the hourly rates set forth herein. In the event that any bill from us remains unpaid beyond a thirty-day period, you agree that we may withdraw our representation. In the event that an action is pending, and absent your consent, an application must be made to the Court for such withdrawal. Where the fee is unpaid for the period set forth above, the account delinquency shall be good cause for withdrawal. If you do not raise any question regarding a bill within thirty days of our sending/emailing same to you, we can assume you have no objection to such bill.

It is further agreed and understood that we have not been retained to provide appellate services. In the event of appeal by either party, a new retainer agreement would be required. It is specifically acknowledged by you that we have made no representations to you, express or implied, concerning the outcome of this litigation. You are aware of the hazards of litigation, and acknowledge that we have made no guarantees of any phase of the matter.

In the event of any dispute regarding our fees or invoices, you may, at your sole option, choose to have that dispute resolved through arbitration. If that situation should arise, we will provide you with forms and instructions with respect to the commencement of an arbitration proceeding. Under the Rules of the Chief Administrator of the New York Court System, we are required to submit any controversy, dispute or other claim relating to our fees (if our fees are $1,000 or more but not in excess of $5,000) for resolution through binding arbitration in accordance with the New York State Fee Dispute Resolution Program (Part 137 of the Rules of the Chief Administrator) upon request by you.

███████

August 11, 2022
Page 3

Unless you specifically direct us to the contrary, we may use fax messaging, cell phones, voicemail, email (encrypted or unencrypted), electronic voice and text messaging, and other electronic means of communicating with you or on your behalf. Please advise us promptly if you prefer that we not utilize any of these forms of communication.

We agree to respect your decisions on the objectives to be pursued, as permitted by law and the rules of professional conduct. We will retain control over all decisions customarily entrusted to counsel.

This Agreement may be signed in counterparts. We look forward to working with you.

Very truly yours,

*[signature]*

Marc A. Rapaport

**TERMS AGREED TO AND ACCEPTED:**

███████
Date: ___8/12/2022_____, 2022

By: ███████

Title:___███████
Email:__████████████
Teleph:_███████

# Retainer Agreement dated March 14, 2022, Regarding Defense of Access Claims under the ADA and NYSHRL

Rapaport Law Firm, PLLC | Attorneys at Law | 80 Eighth Avenue | Suite 206 | New York, NY 10011 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapap

# Rapaport
# Law Firm

Marc A. Rapaport*
Tel  (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

March 14, 2022

**Via Email:** ███████████████████████

███████████████████
███████████████████

      **Re:**   **Retainer Agreement**

           ███████████████████████████

Dear ██████ :

    I very much appreciate your decision to retain my firm to represent you with respect to ██████████████████████████████ When taking on a new legal representation, I have found that it is important to express as clearly as possible the legal services that my office will provide.  For that reason, and also because ethics rules require me to put certain information in a written agreement with clients, I have prepared this letter.  The words "you," "your," and "yours" in this agreement shall refer to ███████████████████ "I," "We," "ours" and "us" refer to Rapaport Law Firm, PLLC.

## BACKGROUND

    You have asked us to represent and defend you in connection with ████████████



March 14, 2022
Page 2

## LEGAL FEES, COSTS AND BILLING

We shall bill you on a monthly basis for professional services on a time expended basis at the following hourly rates:

> (a) Marc A. Rapaport, Partner: $500/hour
> (b) Meredith R. Miller, Of-Counsel: $485/hour
> (c) Karina Gulfo, Paralegal: $150.00/hour

You will be responsible for all costs and disbursement items (such as telephone, photocopying (0.25 per page for in-house copies), court costs, filing fees, research fees (Lexis/Nexis), and similar items) incurred in connection with this engagement.

Under our normal billing procedures, we will submit invoices to you on a monthly basis. Invoices are due and payable within twenty (20) days after receipt.  You understand that it is impossible, at this time, to predict the total amount of the legal fees that you may incur.  Nor can we predict the outcome of this matter.

To commence work on this matter, we will require an advance retainer payment in the amount of $5,000.00. by check payable to "Rapaport Law Firm, PLLC" or by wire transfer.  This sum shall be applied to any monthly invoices on an ongoing basis with any balance to be returned to you after completion and final payment with respect to the engagement.   It is agreed and understood that no attorney/client relationship shall exist until the initial retainer is paid in full.   The total legal fees and costs may exceed $5,000.00.

You have an absolute right to cancel this Retainer Agreement at any time.  Should you exercise this right, you will be charged only the fee expenses incurred within that period, based on the hourly rates set forth herein.   In the event that any bill from us remains unpaid beyond a thirty-day period, you agree that we may withdraw our representation.  In the event that an action is pending, and absent your consent, an application must be made to the Court for such withdrawal.  Where the fee is unpaid for the period set forth above, the account delinquency shall be good cause for withdrawal.  If you do not raise any question regarding a bill within thirty days of our sending/emailing same to you, we can assume you have no objection to such bill.

It is further agreed and understood that we have not been retained to provide appellate services.  In the event of appeal by either party, a new retainer agreement would be required.

March 14, 2022
Page 3

It is specifically acknowledged by you that we have made no representations to you, express or implied, concerning the outcome of this litigation. You are aware of the hazards of litigation, and acknowledge that we have made no guarantees of any phase of the matter for which you have retained us.

In the event of any dispute regarding our fees or invoices, you may, at your sole option, choose to have that dispute resolved through arbitration. If that situation should arise, we will provide you with forms and instructions with respect to the commencement of an arbitration proceeding. Under the Rules of the Chief Administrator of the New York Court System, we are required to submit any controversy, dispute or other claim relating to our fees (if our fees are $1,000 or more but not in excess of $5,000) for resolution through binding arbitration in accordance with the New York State Fee Dispute Resolution Program (Part 137 of the Rules of the Chief Administrator) upon request by you.

Unless you specifically direct us to the contrary, we may use fax messaging, cell phones, voicemail, email (encrypted or unencrypted), electronic voice and text messaging, and other electronic means of communicating with you or on your behalf. Please advise us promptly if you prefer that we not utilize any of these forms of communication.

We agree to respect your decisions on the objectives to be pursued, as permitted by law and the rules of professional conduct. We will retain control over all decisions customarily entrusted to counsel.

This Agreement may be signed in counterparts. We look forward to working with you.

Very truly yours,

Marc A. Rapaport

**TERMS AGREED TO AND ACCEPTED:**

Date:  2 | 13  . 2022

By:

Title:
Email
Telep

# Retainer Agreement dated August 26, 2022, Regarding Defense of Access Claims under the ADA and NYSHRL

Rapaport Law Firm, PLLC | Attorneys at Law | 80 Eighth Avenue | Suite 206 | New York, NY 10011 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

# Rapaport
# Law Firm

Marc A. Rapaport*
Tel  (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars*

August 26, 2022

**Via Email:** █████████████
█████████████████

**Via Email:** ████████████████
████████████████

      **Re:**    **Retainer Agreement**
                    █████████████████████████████

                    **Matter:**  ████████████████████████████
                                   █████████████████████████
                                   ███████████████████████████
                                   ███████

Dear ███████████████:

Following up on my emails and telephone communications of yesterday, this engagement letter sets forth terms for Rapaport Law Firm, PLLC's joint representation of ███████ ███████████████████████████████ in the above-referenced Lawsuit. We are required by court rule to send you an engagement or retainer letter, in this general form, setting forth the fee arrangement, the nature of the services to be performed, and other pertinent points with respect to our joint representation of ████████████ in this matter.  The words "you," "your," and "yours" in this agreement shall refer to ███████████████.  "We," "ours" and "us" refer to Rapaport Law Firm, PLLC.  The words "joint client" or "joint clients" refer to █████████████████individually or collectively.

We understand that both of you wish to jointly retain our firm.  You each have the option of retaining separate counsel to ███████████████████████████████ ███████████████████████ You have both considered the option of retaining separate counsel but have instead decided that it is in your individual and mutual interests to have a single law firm representing you jointly in connection with this matter.

███████████████

August 26, 2022
Page 2

**BACKGROUND**

████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████

████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████

**CONFLICT OF INTEREST DISCLOSURE AND WAIVER**

*Potential Conflicts of Interests and Risks of Joint Representation.*

In  a  nutshell, ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

Either  of  you  may  pursue ██████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████

███████████████████

August 26, 2022
Page 3

There are both advantages and disadvantages to our firm's joint representation of ███
████████████████. Significant advantages are derived from pursuing a unified strategy in
██████████████████████████. Joint representation may also help avoid duplicative work
and thereby reduce potential legal fees.  But, as noted above, we are not able to represent either
of you with respect to █████████████████████████████████████████████████████████
██████████████████████████████████.

You understand that information that either of you discloses to us may be shared by our
firm with the other joint client.

*Consent/Waiver.*

This confirms your mutual agreement to have us represent you jointly in connection with
the above-described ██████. This will also confirm that you both have agreed to waive any
conflict of interest arising out of, and that you will not object to, our representation of each of
you in the matter described herein.  Therefore, you hereby state that you prefer that we jointly
represent you in this matter.  If you want independent legal advice or wish to be able to discuss
matters in complete privacy, you both will need separate counsel.

## LEGAL FEES, COSTS AND BILLING

We shall bill you on a monthly basis for professional services on a time expended basis at
the following hourly rates:

> (a) Marc A. Rapaport, Partner: $500.00/hour
> (b) Karina Gulfo, Paralegal: $150.00/hour

You will be responsible for all costs and disbursement items (such as photocopying (0.25 per
page for in-house copies), court costs, filing fees, research fees (Lexis/Nexis), and similar items)
incurred in connection with this engagement.

Under our normal billing procedures, we will submit invoices to you on a monthly basis.
Invoices are due and payable within twenty (20) days after receipt.  You understand that it is
impossible, at this time, to predict the total amount of the legal fees that you may incur.  Nor can
we predict the outcome of this matter.

████████████████████ shall be jointly and separately responsible for all legal fees, costs
and disbursements billed by our firm.  We shall email our invoices to you simultaneously to the

August 26, 2022
Page 4

email addresses set forth at the top of this letter.

To commence work on this matter, we will require an advance retainer payment in the amount of $5,000.00 by check payable to "Rapaport Law Firm, PLLC."  This sum shall be applied to any monthly invoices on an ongoing basis with any balance to be returned to you after completion and final payment with respect to the engagement.   It is agreed and understood that no attorney/client relationship shall exist until the initial retainer is paid in full.   The total legal fees and costs may exceed $5,000.00.

You have an absolute right to cancel this Retainer Agreement at any time.  Should you exercise this right, you will be charged only the fee expenses incurred within that period, based on the hourly rates set forth herein.   In the event that any bill from us remains unpaid beyond a thirty-day period, you agree that we may withdraw our representation.  In the event that an action is pending, and absent your consent, an application must be made to the Court for such withdrawal.  Where the fee is unpaid for the period set forth above, the account delinquency shall be good cause for withdrawal.   If you do not raise any question regarding a bill within thirty days of our sending/emailing same to you, we can assume you have no objection to such bill.

It is further agreed and understood that we have not been retained to provide appellate services.  In the event of appeal by either party, a new retainer agreement would be required.

It is specifically acknowledged by you that we have made no representations to you, express or implied, concerning the outcome of this litigation.  You are aware of the hazards of litigation, and acknowledge that we have made no guarantees of any phase of the Matter.

In the event of any dispute regarding our fees or invoices, you may, at your sole option, choose to have that dispute resolved through arbitration.  If that situation should arise, we will provide you with forms and instructions with respect to the commencement of an arbitration proceeding.   Under the Rules of the Chief Administrator of the New York Court System, we are required to submit any controversy, dispute or other claim relating to our fees (if our fees are $1,000 or more but not in excess of $5,000) for resolution through binding arbitration in accordance with the New York State Fee Dispute Resolution Program (Part 137 of the Rules of the Chief Administrator) upon request by you.

Unless you specifically direct us to the contrary, we may use fax messaging, cell phones, voicemail, email (encrypted or unencrypted), electronic voice and text messaging, and other electronic means of communicating with you or on your behalf.  Please advise us promptly if you prefer that we not utilize any of these forms of communication.



August 26, 2022
Page 5

   We agree to respect your decisions on the objectives to be pursued, as permitted by law and the rules of professional conduct. We will retain control over all decisions customarily entrusted to counsel.

   This Agreement may be signed in counterparts. We look forward to working with you.

                                Very truly yours,

                                Marc A. Rapaport

**TERMS AGREED TO AND ACCEPTED:**

                Date: 8/29      , 2022

By:
        Print Name:
        Email:
        Teleph

                Date: 8/29      , 2022

By:
        Print Name:
        Title:
        Email:
        Teleph:

# Retainer Agreement dated March 14, 2021, Regarding Commercial Contract Dispute

Rapaport Law Firm, PLLC | Attorneys at Law | One Penn Plaza | Suite 2430 | New York, NY 10119 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

## Rapaport Law Firm

Marc A. Rapaport
Tel  212-382-1600
Fax 212-382-0920
mrapaport@rapaportlaw.com
*Member NY & NJ Bar

DATE:   March 14, 2021
TO:     ███████████████████████████████
RE:     **Retainer Agreement –** ██████████████████████████████████

Gentlemen,

Following up on my discussions with █████████████████████████████ you wish
to retain this firm to represent you in the above-referenced ████████████████
██████████████████████████████████████████████████████████████████████
███████████████ Upon the signature of this agreement by all parties and our firm's receipt of the
retainer payment of $25,000 and the clearing of such payment, we will represent you in connection with
███████████████████████████████████████████████ This firm is retained solely
for the purpose of representing you in ███████████████ This agreement does not apply to and
does not obligate our firm to represent you in any appeal.

This firm is required by court rule to send you an engagement or retainer letter, in this general form,
setting forth the fee arrangement, the nature of the services to be performed, and other pertinent
points with respect to our representation of you in the above-referenced matter. The words "you,"
"your," and "yours" in this agreement shall refer to ████████████████████████████
"We", "ours", and "us" refer to Rapaport Law Firm, PLLC.

You have asked us to represent you in connection with ████████████████████████
██████████████████████████████

## CONFLICT OF INTEREST DISCLOSURE AND WAIVER

*Potential Conflicts of Interest and Risks of Joint Representation*

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

Page **1** of **3**

███████████████████████████████████████████████

There are both advantages and disadvantages to our firm's joint representation of all of you in this matter. Advantages include pursuing a unified strategy in ███████████████████████ Joint representation may also help avoid duplicative work and thereby reduce potential legal fees. But, as noted above, we are not able to represent you with respect to ███████████████████████ If any of you takes a position that makes joint-representation infeasible, we will have no alternative than to cease providing legal representation.

You understand that information that you disclose to us may be shared by our firm with the other joint clients. Furthermore, information that would otherwise be protected by the attorney-client privilege as against third parties will not be protected by the attorney-client privilege as between you if you later become averse to each other.

*Consent/Waiver*

This confirms your mutual agreement to have us represent you, collectively, in connection with the above-described matter. This will also confirm that you both have agreed to waive any conflict of interest arising out of, and that you will not object to, our representation of each of you in the matter described herein. Therefore, you hereby state that you prefer that we jointly represent you in this matter. If you want independent legal advice or wish to be able to discuss matters in complete privacy, you both will need separate counsel.

## LEGAL FEES, COSTS, AND BILLING

We shall bill you on a monthly basis for professional services on a time expended basis at the following hourly rates:

a. Marc A Rapaport, Partner: $500/hour
b. Meredith R. Miller, Of-Counsel: $500/hour
c. Karina Gulfo, Paralegal: $125/hour
d. Joselin Orellana, Legal Assistant: $95/hour

Invoices shall be provided to you via email. All invoices must be paid and full within twenty days of email transmission to you. Any amount that is not paid within the foregoing twenty-day period shall be subject to interest at a rate of 10% per annum.

You agree and understand that this matter will be principally handled by the undersigned, together with attorney Meredith Miller, Esq., who is of counsel to our firm.

You will be responsible for all costs and disbursement items (such as telephone, photocopying ($0.25 per page for in-house copies), court costs, filing fees, research fees (Lexis/Nexis), and similar items) incurred in connection with this engagement.

To commence work on this matter, we will require an advanced retainer payment in the amount of $25,000, which shall be paid by check to "Rapaport Law Firm, PLLC." We will apply the retainer payment toward ongoing invoices, which we generally issue on a monthly basis. You shall each be jointly and severally liable for all legal fees, costs and/or other sums payable to our firm.



████████

In the event of any dispute regarding our fees or invoices, you may, at your sole option, choose to have that dispute resolved through arbitration. If that situation should arise, we will provide you with forms and instructions with respect to the commencement of an arbitration proceeding. Under the Rules of the Chief Administrator of the New Your Court System, we are required to submit any controversy, dispute or other claim relating to our fees (if our fees are $1,000 or more bot not in excess of $5,000) for resolution through binding arbitration in accordance with the New York State Fee Dispute Resolution Program (Part 137 of the Rules of the Chief Administrator) upon request by you.

You understand and acknowledge that we cannot predict and/or guarantee any particular outcome of this matter, and we make no such representation. Nor can we estimate the amount of legal fees and costs tha you will incur. We agree to respect your decisions on the objectives to be pursued, as permitted by law and the rules of professional conduct. We will retain control over all decisions customarily entrusted to counsel. This Agreement may be signed in counterparts.

Very truly yours,


Marc A. Rapaport


THIS AGREEMENT DOES NOT BECOME EFFECTIVE, AND NO ATTOURNEY-CLIENT RELATIONSHIP IS CREATED, UNLESS AND UNTIL IT IS SIGNED BY ALL PARTIES HERETO, AND PAYMENT OF THE INITIAL RETAINER ($25,000) IS RECEIVED AND CLEARS.

**TERMS AGREED TO AND ACCEPTED:**



16 MAR 2021
Date:

16 MAR 2021
Date:

Email:

17 MAR 2021
Date:

# Retainer Agreement dated February 25, 2019, Regarding  Defense of NYSHRL/ADA Claims

Rapaport Law Firm, PLLC | Attorneys at Law | One Penn Plaza | Suite 2430 | New York, NY 10119 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

# Rapaport
# Law Firm

Marc A. Rapaport*
Tel  (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

February 25, 2019



Re:    **Retainer Agreement**

Dear ███████:

       Following up on our emails and telephone conversations and your request for this firm to jointly  represent ████████████████████████████████████████████████████████ ███████ this firm is required by court rule to send you an engagement or retainer letter, in this general form, setting forth the fee arrangement, the nature of the services to be performed, and other pertinent points with respect to our joint representation of ████████████ in this matter. The words "you," "your," and "yours" in this agreement shall refer to █████████████. "We," "ours" and "us" refer to Rapaport Law Firm, PLLC.  The words "joint client" or "joint clients" refer to █████████████, individually or collectively.

       We understand that both of you (████████████) wish to jointly retain our firm.  You each have the option of retaining separate counsel to █████████████████████ in this matter and, if you deem appropriate, to ████████████████████  We understand that you have both considered the option of retaining separate counsel but have instead decided that it is in your individual and mutual interests to have a single law firm representing you jointly in connection with this matter.  We encourage each of you to retain independent counsel and advice to determine whether to consent to joint representation should be given.



February 26, 2019
Page 2

## BACKGROUND

You have asked us to jointly represent and ███████████████████ in connection
with t███████████████████████████████████████████████████████████████



## CONFLICT OF INTEREST DISCLOSURE AND WAIVER

*Potential Conflicts of Interests and Risks of Joint Representation.*

In  a  nutshell, ████████████████████████████████████████

███████████████
██████████
February 26, 2019
Page 3

There are both advantages and disadvantages to our firm's joint representation of ███████ ███████ in this matter. Advantages include pursuing a unified strategy in ███████ ███████ Joint representation may also help avoid duplicative work and thereby reduce potential legal fees.  But, as noted above, we are not able to represent either of you with respect to ███████████████ If either of you decide to pursue ███████████ ████████████████

You understand that information that either of you ███████████ discloses to us may be shared by our firm with the other joint client. Furthermore, information that would otherwise be protected by the attorney-client privilege as against third parties will not be protected by the attorney-client privilege as between ███████████ if you later become adverse to each other. If either ███████████ decides that information or matters that are material to our joint representation be kept secret from the other joint party, we will have to withdraw as counsel.  In this instance, you will both be required to retain new counsel, which may be costly and/or inconvenient.

*Consent/Waiver.*

This confirms your mutual agreement to have us represent you jointly in connection with the above-described matter. This will also confirm that you both have agreed to waive any conflict of interest arising out of, and that you will not object to, our representation of each of you in the matter described herein.  Therefore, you hereby state that you prefer that we jointly represent you in this matter.  If you want independent legal advice or wish to be able to discuss matters in complete privacy, you both will need separate counsel.

## LEGAL FEES, COSTS AND BILLING

We shall bill you on a monthly basis for professional services on a time expended basis at the following hourly rates:

(a) Marc A. Rapaport, Partner: $450/hour
(b) Meredith R. Miller, Of-Counsel: $450/hour
(c) Karina Gulfo, Paralegal: $150.00/hour

You will be responsible for all costs and disbursement items (such as telephone, photocopying (0.25 per page for in-house copies), court costs, filing fees, research fees (Lexis/Nexis), and similar items) incurred in connection with this engagement.

Under our normal billing procedures, we will submit invoices to you on a monthly basis.



February 26, 2019
Page 4

Invoices are due and payable within twenty (20) days after receipt.  You understand that it is impossible, at this time, to predict the total amount of the legal fees that you may incur.  Nor can we predict the outcome of this matter.

 shall be jointly and separately responsible for all legal fees, costs and disbursements billed by our firm.  We shall email our invoices to you simultaneously as follows:

[insert email address]

To commence work on this matter, we will require an advance retainer payment in the amount of $4,500.00. by check payable to "Rapaport Law Firm, PLLC."  This sum shall be applied to any monthly invoices on an ongoing basis with any balance to be returned to you after completion and final payment with respect to the engagement.   It is agreed and understood that no attorney/client relationship shall exist until the initial retainer is paid in full.   The total legal fees and costs may exceed $4,500.00.

You have an absolute right to cancel this Retainer Agreement at any time.  Should you exercise this right, you will be charged only the fee expenses incurred within that period, based on the hourly rates set forth herein.   In the event that any bill from us remains unpaid beyond a thirty-day period, you agree that we may withdraw our representation.  In the event that an action is pending, and absent your consent, an application must be made to the Court for such withdrawal.  Where the fee is unpaid for the period set forth above, the account delinquency shall be good cause for withdrawal.   If you do not raise any question regarding a bill within thirty days of our sending/emailing same to you, we can assume you have no objection to such bill.

It is further agreed and understood that we have not been retained to provide appellate services.  In the event of appeal by either party, a new retainer agreement would be required.

It is specifically acknowledged by you that we have made no representations to you, express or implied, concerning the outcome of this litigation.  You are aware of the hazards of litigation, and acknowledge that we have made no guarantees of any phase of the matter for which you have retained us.

In the event of any dispute regarding our fees or invoices, you may, at your sole option, choose to have that dispute resolved through arbitration.  If that situation should arise, we will provide you with forms and instructions with respect to the commencement of an arbitration proceeding.   Under the Rules of the Chief Administrator of the New York Court System, we are required to submit any controversy, dispute or other claim relating to our fees (if our fees are $1,000 or more but not in excess of $5,000) for resolution through binding arbitration in accordance with the New York State Fee Dispute Resolution Program (Part 137 of the Rules of



February 26, 2019
Page 5

the Chief Administrator) upon request by you.

   Unless you specifically direct us to the contrary, we may use fax messaging, cell phones, voicemail, email (encrypted or unencrypted), electronic voice and text messaging, and other electronic means of communicating with you or on your behalf.  Please advise us promptly if you prefer that we not utilize any of these forms of communication.

   We agree to respect your decisions on the objectives to be pursued, as permitted by law and the rules of professional conduct.  We will retain control over all decisions customarily entrusted to counsel.

   This Agreement may be signed in counterparts.   We look forward to working with you.

Very truly yours,

Marc A. Rapaport

**TERMS AGREED TO  AND ACCEPTED:**

Date: _____, 2019

By:

By:

# Retainer Agreement dated November 22, 2022 Regarding Defense of Wage and Hour Claims

Rapaport Law Firm, PLLC | Attorneys at Law | 80 Eighth Avenue | Suite 206 | New York, NY 10011 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

# Rapaport
# Law Firm

Marc A. Rapaport*
Tel  (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

November 22, 2022

**Via Email:** █████████████████

████████████████
███████████████
████████████

Re:    **Retainer Agreement**
       **Matter:** ████████████████████████

Dear ██████████:

I very much appreciate your decision to retain my firm to represent you with respect to ██████████████████████████████ When taking on a new legal representation, I have found that it is important to express as clearly as possible the legal services that my office will provide.  For that reason, and also because ethics rules require me to put certain information in a written agreement with clients, I have prepared this letter.  The words "you," "your," and "yours" in this agreement shall refer to ████████████████ "I," "We," "ours" and "us" refer to Rapaport Law Firm, PLLC.

### BACKGROUND

████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████

### LEGAL FEES, COSTS AND BILLING

We shall bill you on a monthly basis for professional services on a time expended basis at the following hourly rates:

██████████
November 22, 2022
Page 2

                          (a) Marc A. Rapaport, Partner: $500/hour
                          (b) Karina Gulfo, Paralegal: $150.00/hour

You will be responsible for all costs and disbursement items (such as telephone, photocopying (0.25 per page for in-house copies), court costs, filing fees, research fees (Lexis/Nexis), and similar items) incurred in connection with this engagement.

Under our normal billing procedures, we will submit invoices to you on a monthly basis. Invoices are due and payable within twenty (20) days after receipt.  You understand that it is impossible, at this time, to predict the total amount of the legal fees that you may incur.  Nor can we predict the outcome of this matter.

To commence work on this matter, we will require an advance retainer payment in the amount of $5,000 by check payable to "Rapaport Law Firm, PLLC" or by wire transfer.  This sum shall be applied to any monthly invoices on an ongoing basis with any balance to be returned to you after completion and final payment with respect to the engagement.   It is agreed and understood that no attorney/client relationship shall exist until the initial retainer is paid in full.

You have an absolute right to cancel this Retainer Agreement at any time. Should you exercise this right, you will be charged only the fee expenses incurred within that period, based on the hourly rates set forth herein. In the event that any bill from us remains unpaid beyond a thirty-day period, you agree that we may withdraw our representation.  In the event that a court proceeding is pending, and absent your consent, an application must be made to the Court for such withdrawal.  Where the fee is unpaid for the period set forth above, the account delinquency shall be good cause for withdrawal.  If you do not raise any question regarding a bill within thirty days of our sending/emailing same to you, we can assume you have no objection to such bill.

It is further agreed and understood that we have not been retained to provide appellate services.  In the event of appeal by either party, a new retainer agreement would be required. It is specifically acknowledged by you that we have made no representations to you, express or implied, concerning the outcome of this litigation.  You are aware of the hazards of litigation, and acknowledge that we have made no guarantees of any phase of the matter.

In the event of any dispute regarding our fees or invoices, you may, at your sole option, choose to have that dispute resolved through arbitration.  If that situation should arise, we will provide you with forms and instructions with respect to the commencement of an arbitration proceeding.   Under the Rules of the Chief Administrator of the New York Court System, we are required to submit any controversy, dispute or other claim relating to our fees (if our fees are $1,000 or more but not in excess of $5,000) for resolution through binding arbitration in accordance with the New York State Fee Dispute Resolution Program (Part 137 of the Rules of



November 22, 2022
Page 3

the Chief Administrator) upon request by you.

Unless you specifically direct us to the contrary, we may use fax messaging, cell phones, voicemail, email (encrypted or unencrypted), electronic voice and text messaging, and other electronic means of communicating with you or on your behalf.  Please advise us promptly if you prefer that we not utilize any of these forms of communication.

We agree to respect your decisions on the objectives to be pursued, as permitted by law and the rules of professional conduct.  We will retain control over all decisions customarily entrusted to counsel.

This Agreement may be signed in counterparts.   We look forward to working with you.

Very truly yours,

Marc A. Rapaport

**TERMS AGREED TO  AND ACCEPTED:**



Date: _____, 2022

By: