UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERTO TRINIDAD, JEREMY FERNANDEZ, and NICOLAS DE JESUS HERRERA SANCHEZ,

                        Plaintiffs,

-against-

62 REALTY, LLC, 311 REALTY, LLC, DEANNA JOY, and JIM FRANTZ,

                        Defendants.

Case No. 1:22-cv-00101 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On January 5, 2022, Plaintiffs Gilberto Trinidad, Jeremy Fernandez, and Nicolas de Jesus Herrera Sanchez (collectively, "Plaintiffs") commenced this action under federal and state law seeking unpaid wages from 62 Realty, LLC, 311 Realty, LLC, Deanna Joy, and Jim Frantz (collectively, "Defendants"). ECF No. 1. On March 8, 2023, Magistrate Judge Gorenstein – to whose jurisdiction the parties had consented for settlement-approval purposes, ECF No. 98 – approved the parties' negotiated settlement and directed the Clerk of Court to close the case "without prejudice to any application for attorney's fees as set forth in the settlement agreement," ECF No. 101 at 1. On October 17, 2023, Magistrate Judge Gorenstein issued a Report and Recommendation advising that Plaintiffs should be awarded $63,569.38 in attorney's fees and $3,279.90 in costs, for a total award of $66,849.28. ECF No. 123 (the "Report") at 20.

      Objections were due 14 days later, that is, on October 31, 2023. *Id.* The Report warned, in underlined font, that failure to timely object would result in a waiver of objections and preclude appellate review. *Id.* On October 30, 2023, the parties jointly requested an extension of time to object to the Report until November 6, 2023. ECF No. 124. The Court granted this

request.  ECF No. 125.  On November 6, 2023, the parties jointly requested a second extension of time to object to the Report until November 13, 2023.  ECF No. 126.  The Court granted this request.  ECF No. 127.  The November 13, 2023 deadline has now passed and no objections have been filed to the Report.  For the following reasons, the Court adopts the Report in full (with one modification, discussed below).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, --- F. Supp. 3d ----, 2023 WL 4406156, at *1 (S.D.N.Y. July 7, 2023) (quoting *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019)).  "A party's 'failure to object timely to a report waives any further judicial review of the report' so long as the party received 'clear notice of the consequences of their failure to object.'"  *Id.* (quoting *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Here, neither party has submitted objections to the Report.  The Court therefore reviews the Report for clear error.  *See id.*  The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous, except for one item.  The Report inadvertently excluded the "Technology Fees" item ($553.09) from its calculation of total costs ($3,279.90).  *See* Report at 19-20.  The Court finds that Plaintiffs should instead be awarded

$3,832.99 in costs, for a total award of $67,402.37.  Otherwise, the Court ADOPTS the thorough and well-reasoned Report in its entirety.

The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiffs in the total amount of $67,402.37, as set forth herein, plus post-judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment.

In light of the clear notice provided in the Report, the lack of any timely objections precludes appellate review of this decision.  See *Frank*, 968 F.2d at 300.

Dated: November 17, 2023
    New York, New York

                    SO ORDERED.

                    *Jennifer Rochon*
                    JENNIFER L. ROCHON
                    United States District Judge